JUSTICE KEENAN
delivered the opinion of the Court.
The issue presented in this appeal is whether Code § 19.2-294 bars a defendant’s conviction on two felony charges of selling marijuana on school property, after he had been convicted in the general *550 district court on two misdemeanor charges of distribution of marijuana based on the same acts.
The parties stipulated to the following facts. In March 1996, two arrest warrants were issued against Matthew S. Phillips, charging him with felony offenses of selling marijuana on the grounds of Lebanon High School in Russell County, on or about January 19 and 24, 1996, in violation of Code § 18.2-255.2. One week later, two more arrest warrants were issued against Phillips charging him with misdemeanor offenses of distributing less than a half-ounce of marijuana on or about January 19 and 24, 1996, in violation of Code § 18.2-248.1, based on the same acts as the felony charges.
On October 29, 1996, Phillips appeared in the General District Court of Russell County on all four charges. At that hearing, Phillips was tried and convicted on the two misdemeanor charges and waived a preliminary hearing on the two felony charges. The grand jury later indicted Phillips on the two felony charges.
Phillips filed a motion to quash the two felony indictments in the Circuit Court of Russell County. He argued that prosecution of the felony indictments was barred by his convictions on the two misdemeanor charges arising from the same acts. The trial court denied the motion, ruling that Phillips had not been subjected to successive prosecutions within the meaning of Code § 19.2-294. Phillips then entered conditional guilty pleas to the two felony charges, as permitted under Code § 19.2-254, thereby reserving the right to appeal the trial court’s denial of his motion to quash. The trial court accepted the pleas and sentenced Phillips to two concurrent terms of five years’ imprisonment, which the court suspended on the condition that Phillips serve twelve months in jail.
Phillips noted an appeal of the felony convictions to the Court of Appeals. In a published opinion, a panel of the Court of Appeals affirmed the convictions, holding that when felony and misdemeanor charges are brought at separate times, they nevertheless are part of a single prosecution if the cases are heard in a single, evidentiary hearing. Phillips v. Commonwealth, 27 Va. App. 674, 680-81, 500 S.E.2d 848, 851 (1998). We awarded this appeal after the Court of Appeals denied Phillips’ petition for a rehearing en banc.
Code § 19.2-294 provides, in relevant part:
If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes *551 or ordinances shall be a bar to a prosecution or proceeding under the other or others.
Phillips first argues that, under the language of Code § 19.2-294, his convictions in the general district court barred any further “proceeding” arising out of the same acts, including the later indictments and hearings in the circuit court on the felony charges. We do not reach the merits of this argument, however, because Phillips failed to raise it in the trial court. There, Phillips argued that Code § 19.2-294 barred the felony prosecutions because all four warrants, felony and misdemeanor, were not issued on the same date. He advanced the same argument before the panel of the Court of Appeals. Since Phillips did not give the trial court the opportunity to address the argument he raises here, we decline to consider it. Rule 5:25.*
Phillips next argues that, in upholding his convictions, the Court of Appeals erred in effectively overruling its decision in Slater v. Commonwealth, 15 Va. App. 593, 425 S.E.2d 816 (1993). He asserts that, under Slater, a prosecution begins when a criminal charge is instituted and that, therefore, charges instituted on different dates do not arise from a single prosecution. Phillips contends that since the present felony warrants were not issued simultaneously with the misdemeanor warrants, the felony charges were not part of the same prosecution as the misdemeanor charges and were subject to the successive prosecution bar of Code § 19.2-294. We disagree with Phillips.
Although the language of Code § 19.2-294 does not state that it provides a defense of former jeopardy, “it amounts to such a defense in purpose and desired effect.” Epps v. Commonwealth, 216 Va. 150, 155, 216 S.E.2d 64, 68 (1975); Sigmon v. Commonwealth, 200 Va. 258, 263, 105 S.E.2d 171, 175-76 (1958). Like the Fifth Amendment bar of former jeopardy, Code § 19.2-294 prevents the Commonwealth from “subjecting an accused to the hazards of vexatious, multiple prosecutions.” Hall v. Commonwealth, 14 Va. App. *552 892, 899, 421 S.E.2d 455, 460 (1992) (en banc). By its terms, the statute does not apply to simultaneous prosecutions, because only a prior conviction for the violation of an act will bar a later prosecution for the same act. Thus, the question before us is whether Phillips’ felony charges were the subject of a simultaneous or a successive prosecution.
In Slater, a defendant was charged, based on the same act, with driving after having been adjudged an habitual offender, a felony offense, and driving while under the influence of alcohol, a misdemeanor offense. As noted by the Court of Appeals in Phillips, a single evidentiary hearing was conducted in Slater in the general district court, involving a trial on the misdemeanor charge and a preliminary hearing on the felony charge. The defendant was convicted on the misdemeanor charge and the felony charge was certified to the grand jury of the circuit court, where the defendant was later indicted, tried, and convicted of the felony charge. Phillips, 27 Va. App. at 678, 500 S.E.2d at 850.
The Court of Appeals concluded in Slater that the defendant was not subjected to a successive prosecution on the felony charge. 15 Va. App. at 596, 425 S.E.2d at 817. In reaching this decision, the Court stated that “the time of institution” of criminal charges determines whether multiple charges based on the same act are simultaneous or successive. Id. The Court also relied on Freeman v. Commonwealth, 14 Va. App. 126, 414 S.E.2d 871 (1992), stating that when “charges are brought simultaneously, the amenability of one to early conclusion while the other requires further proceedings, does not alter the fact that the proceedings are concurrent, not successive.” Slater, 15 Va. App. at 595, 425 S.E.2d at 817.
In the present case, the Court of Appeals distinguished its holding in Slater by stating that the simultaneous initiation of criminal charges is not the exclusive factor in determining whether those charges have been resolved in a simultaneous prosecution. The Court stated that an overriding factor, which was also present in Slater, is “whether the offenses were prosecuted in a single, concurrent evidentiary hearing.” Phillips, 27 Va. App. at 680, 500 S.E.2d at 851. Thus, the Court concluded that when “felony and misdemeanor charges are instituted at separate times, but are heard simultaneously in a single proceeding, they are part of a single prosecution, even though jurisdictional limitations necessitate that they be concluded in different courts.” Id. at 680-81, 500 S.E.2d at 851.
*553 We conclude that the Court of Appeals properly limited its holding in Slater to the particular facts presented in that case. The procurement of arrest warrants on different dates does not automatically trigger the successive prosecution bar of Code § 19.2-294. Since the bar is intended to protect an accused from the “hazards of vexatious, multiple prosecutions,” the bar does not preclude the prosecution of charges in a single, evidentiary hearing, even though the arrest warrants were obtained on different dates. In such a situation, the accused is not subjected to a greater burden than when the charges are brought simultaneously and heard together. The accused conducts his defense based on the same trial sequence and faces the same potential for anxiety, expense, and punishment.
We also agree with the Court of Appeals’ conclusion in this case that the amenability of the misdemeanor charges to an early conclusion in the general district court did not result in a successive prosecution of the felony charges in the circuit court. See Slater, 15 Va. App. at 595, 425 S.E.2d at 817; Freeman, 14 Va. App. at 129, 414 S.E.2d at 873. In a criminal case, a “prosecution” is the process in which an accused is brought to justice from the time a formal accusation is made through trial and final judgment in a court of appropriate jurisdiction. See Sigmon, 200 Va. at 267, 105 S.E.2d at 178. The present prosecutions were simultaneous, not successive, because they were joined in a single evidentiary hearing in. the general district court. Thus, the later events in the circuit court on the felony charges were merely a continuation of the same prosecution.
Finally, we note that if the legislature had intended that the statutory bar apply to such felony cases in the circuit court, it would have provided that a conviction for a criminal offense arising out of one act would bar a later conviction for another offense arising out of the same act. Since the legislature did not provide restrictive language of this nature in Code § 19.2-294, we decline to interpret the statute in a manner that would achieve that result.
For these reasons, we will affirm the Court of Appeals’ judgment.

Affirmed.

 Phillips raises two additional assignments of error that are procedurally barred. First, he asserts that the Court of Appeals “erred by ignoring the legislative history underlying Code § 19.2-294 and the fact that the statute refers disjunctively to ‘prosecution’ or ‘proceeding.’ ” Second, he argues that the Court of Appeals “etred by ignoring the fact that Code § 19.2-294 is remedial legislation relating to matters of a penal nature and, thus, must be construed strictly against the Commonwealth and favorably to the accused.” We do not address these assignments of error because Phillips did not argue these issues in the trial court and before the panel of the Court of Appeals. Rule 5:25.