COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


OEUP THO

MEMORANDUM OPINION[*] BY
v.    Record No. 2992-98-2        JUDGE JERE M. H. WILLIS, JR.
                                         MAY 9, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
T. J. Hauler, Judge

Robert P. Geary (Joseph McGrath, on brief),
for appellant.

Christopher G. Hill, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


On appeal from his convictions of driving under the
influence, in violation of Code § 18.2-266, and involuntary
manslaughter, in violation of Code § 18.2-36.1(B), Oeup Tho
contends that the trial court violated his Fifth Amendment right
against double jeopardy.[1]

On January 1, 1998, Tho's vehicle struck another vehicle,
killing the other vehicle's passenger.  Arrest warrants were

---

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

    [1] The petition was granted solely on the constitutional
issue.  Tho's petition for appeal that assigned error to the
trial court's alleged violation of Code § 19.2-294 was denied.
See Phillips v. Commonwealth, 27 Va. App. 674, 677-78, 500
S.E.2d 848, 850 (1998), aff'd, 257 Va. 548, 514 S.E.2d 340
(1999).

issued charging him with driving under the influence of alcohol and involuntary manslaughter.  The DUI warrant was executed at 11:08 p.m. on January 1, 1998, and the involuntary manslaughter warrant was executed at 2:51 a.m. on January 2, 1998.

In a district court hearing on June 2, 1998, Tho was convicted of driving under the influence and the involuntary manslaughter charge was certified to the circuit court.  On July 20, 1998, the grand jury indicted Tho for involuntary manslaughter.  Tho moved for dismissal of the charge, asserting former jeopardy.  The trial court denied the motion, holding that the prosecutions for DUI and involuntary manslaughter were not successive and that the offenses had no common identity but were separate and distinct.  Tho then pled guilty, reserving the right to appeal the trial court's ruling on the motion.

Code § 18.2-266 provides, in pertinent part:

> It shall be unlawful for any person to drive or operate any motor vehicle . . . (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test . . . , (ii) while such person is under the influence of alcohol, (iii) while such person is under the influence of any narcotic drug . . ., or (iv) while such person is under the combined influence of alcohol and any drug . . . .

Code § 18.2-36.1(A) provides:

> Any person who, as a result of driving under the influence in violation of subdivision (ii), (iii), or (iv) of [Code] § 18.2-266, unintentionally causes the death

-

of another person, shall be guilty of
involuntary manslaughter.

The warrant charging Tho with driving while under the
influence of alcohol alleged that he did:

drive or operate a motor vehicle under the
influence of alcoholic beverages or other
self-administered intoxicants and/or drugs
as described in Section 18.2-266(i), (ii),
(iii) and/or (iv) 1950 CODE OF VIRGINIA AS
AMENDED.

The indictment charging Tho with involuntary manslaughter,
with reference to Code § 18.2-36.1, alleged that he did:

kill and slay Joannah Marseille by
negligence so gross, wanton and culpable as
to show a reckless disregard of human life,
and as a result of driving under the
influence, in violation of subdivision (ii),
(iii), or (iv) of Section 18.2-266, did kill
and slay Joannah Marseille, against the
peace and dignity of the Commonwealth of
Virginia.

Tho contends that his convictions involve successive
prosecutions for the same offense. However, the prosecutions on
the two charges were not successive, but were concurrent,
involving a single evidentiary hearing resulting in conviction
of the misdemeanor and certification of the felony. See
Phillips v. Commonwealth, 257 Va. 548, 553, 514 S.E.2d 340, 343
(1999).

Noting that the Fifth Amendment protects against multiple
punishments for the same offense, see Cartwright v.
Commonwealth, 223 Va. 368, 288 S.E.2d 491 (1982), Tho contends
that his offense of driving while intoxicated was a necessary

-

and included element of the involuntary manslaughter charge and that his conviction for driving while under the influence precluded re-proof of that offense as proof of the greater, inclusive offense of involuntary manslaughter. He argues that by including driving under the influence, with specific reference to its statutory definition, as a required element of proof, Code § 18.2-36.1(A) incorporates all the elements of the driving under the influence charge and, thus, cannot be proved without proving again the driving under the influence charge. We do not reach this issue.

To gain the preclusive effect of a double jeopardy plea, the proponent of that plea must establish the common identity of the relevant charges. See Low v. Commonwealth, 11 Va. App. 48, 50, 396 S.E.2d 383, 384 (1990). The record in this case fails to establish that identity.

Code § 18.2-36.1(A) refers only to subdivisions (ii), (iii), and (iv) of Code § 18.2-266. The warrant charging Tho with driving under the influence alleges violation of those three subdivisions, but charged him as well with a violation of subdivision (i). The evidence supported conviction under subdivision (i). Tho's conviction on the DUI charge was stated generally and was not limited to a conviction under subdivisions (ii), (iii), or (iv). Thus, his conviction for driving under the influence did not necessarily fall within the scope of the reference contained in Code § 18.2-36.1(A).

-

The judgment of the trial court is affirmed.

<u>Affirmed.</u>