COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Agee
Argued at Salem, Virginia


TONYA HILLMAN

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1211-01-3        JUDGE LARRY G. ELDER
                                         APRIL 2, 2002
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
              William W. Sweeney, Judge Designate

        B. Leigh Drewry, Jr. (Richard P. Cunningham &
        Associates, P.C., on brief), for appellant.

        Susan M. Harris, Assistant Attorney General
        (Randolph A. Beales, Attorney General, on
        brief), for appellee.


     Tonya Hillman (appellant) appeals from her bench trial

convictions for two counts of cruelty to animals in violation of

Code § 3.1-796.122.  On appeal, she contends her conviction for

these offenses in circuit court, after she had already been

convicted in district court for failure to provide care for

those same animals under Code § 3.1-796.68, violated both Code

§ 19.2-294 and the double jeopardy prohibitions of the United

States and Virginia Constitutions.

     We hold appellant's convictions for cruelty to animals did

not violate Code § 19.2-294 because those convictions occurred

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

as part of the same prosecution as her convictions for failure to provide care for those animals.  We also hold that her convictions for cruelty to animals after she already had been convicted for failure to provide care for those animals did not violate double jeopardy prohibitions because the offenses are not the same and the failure to care offense is not lesser included in the cruelty offense.  Thus, we affirm the challenged convictions.

## A.

## CODE § 19.2-294

Code § 19.2-294 provides, in relevant part, that "[i]f the same act be a violation of two or more statutes . . . , conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others."  The purpose of this code section is to "prevent[] the Commonwealth from 'subjecting an accused to the hazards of vexatious, multiple prosecutions.'  By its terms, the statute does not apply to simultaneous prosecutions, because only a prior conviction for . . . an act will bar a later prosecution for the same act."  Phillips v. Commonwealth, 257 Va. 548, 551-52, 514 S.E.2d 340, 342 (1999) (quoting Hall v. Commonwealth, 14 Va. App. 892, 899, 421 S.E.2d 455, 460 (1992) (en banc)).

For example, Code § 19.2-294 does not bar conviction for felony and misdemeanor charges based on the same act as long as those charges are prosecuted in a single, concurrent evidentiary

-

hearing.  Id. at 553, 514 S.E.2d at 343.  The amenability of the misdemeanor charges to an early conclusion in the district court does not result in a successive prosecution of the felony charges in the circuit court.  Slater v. Commonwealth, 15 Va. App. 593, 595, 425 S.E.2d 816, 817 (1993), cited with approval in Phillips, 257 Va. at 553, 514 S.E.2d at 343.  This is so because

> a "prosecution" is the process in which an accused is brought to justice from the time a formal accusation is made through trial and final judgment in a court of appropriate jurisdiction.  [The concurrent prosecution of a misdemeanor and a felony is] simultaneous, not successive, because the [offenses] [are] joined in a single evidentiary hearing in the general district court.  Thus, the later events in the circuit court on the felony charges [are] merely a continuation of the same prosecution.

Phillips, 257 Va. at 553, 514 S.E.2d at 343 (citation omitted).

We hold these same principles apply when the offenses are misdemeanors and the defendant chooses to appeal some but not all of his district court convictions to the circuit court.  In these circumstances, too, "the later events in the circuit court . . . [are] merely a continuation of the same prosecution."  Id. To hold otherwise would allow defendants convicted in district court of multiple offenses arising out of the same act to dismissal of all but one of those convictions simply by exercising their right to a trial de novo in the circuit court,

-

which surely cannot have been the intent of the legislature in enacting Code § 19.2-294.

## B.

## DOUBLE JEOPARDY

In the context of a single trial, "the double jeopardy defense does not apply unless (a) the defendant is twice punished for one criminal act, and (b) [either] the two punishments are . . . for the same crime or one punishment is for a crime which is a lesser included offense of the other," Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001), and (c) the legislature did not intend to authorize such multiple punishments, Payne v. Commonwealth, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999). See Peterson v. Commonwealth, 5 Va. App. 389, 394, 363 S.E.2d 440, 443 (1987) (holding that double jeopardy clauses of United States and Virginia Constitutions "basically afford[] a defendant" the same protections).

Appellant contends her circuit court convictions for two counts of cruelty to animals under Code § 3.1-796.122 violate double jeopardy prohibitions because the offense of failure to provide care for animals under Code § 3.1-796.68, for which she was convicted in the district court based on the same acts, is an offense lesser included in the offense of cruelty to animals. We assume without deciding the convictions were based on the same acts, but we hold the failure to care offense is not lesser

-

included in the cruelty to animals offense, and we affirm the challenged cruelty convictions.

"A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense."  Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989).  "The determination of what offenses are necessarily included lesser offenses . . . is based on the fundamental nature of the offenses involved, not on the particular facts of a specific case . . . ."  Taylor v. Commonwealth, 11 Va. App. 649, 652, 400 S.E.2d 794, 795 (1991).

Code § 3.1-796.68, the claimed lesser-included offense, provides that an owner of a companion animal must furnish that animal with adequate food, adequate water, adequate shelter that is properly cleaned, adequate space in the primary enclosure, adequate exercise, adequate care, treatment and transportation, and "[v]eterinary care when needed or to prevent suffering or disease transmission."  Code § 3.1-796.68(A).  Failure to comply with the requirements of that code section is a Class 4 misdemeanor.  Code § 3.1-796.68(C).  Code § 3.1-796.122, the claimed greater offense, provides, inter alia, that "[a]ny person who . . . (ii) deprives any animal of necessary food, drink, shelter or emergency veterinary treatment . . . shall be guilty of a Class 1 misdemeanor."

One may violate Code § 3.1-796.68, the claimed lesser-included offense, by failing to provide "[v]eterinary

-

care when needed or to prevent suffering or disease transmission." Code § 3.1-796.68(A)(7). However, in reference to veterinary care, one violates Code § 3.1-796.122, the claimed greater offense, only by failing to provide "emergency veterinary treatment." Code § 3.1-796.122(A)(ii) (emphasis added). Violation of the claimed lesser offense by failing to provide "necessary" veterinary treatment or veterinary treatment to prevent "disease transmission," such as by inoculating an animal against rabies, does not necessarily constitute a violation of the claimed greater offense, which proscribes only a failure to provide "emergency veterinary treatment." Coleman, 261 Va. at 200, 539 S.E.2d at 734 (holding implicitly that proper procedure for comparing elements of offenses in conducting Blockburger lesser-included offense analysis-- determining whether each offense "requires proof of an [element] which the other does not"--is to consider all ways in which an element phrased in the disjunctive may be proved (quoting Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 2d 306 (1932))). Because the claimed lesser offense is not "composed entirely of elements that are also elements of the [claimed] greater offense," Kauffmann, 8 Va. App. at 409, 382 S.E.2d at 283, appellant's conviction for both offenses did not violate double jeopardy prohibitions.

For these reasons, we affirm appellant's convictions.

                                                    Affirmed.

-