COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


DALIAN KEITH GREEN

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2508-02-2                      JUDGE LARRY G. ELDER
                                                    OCTOBER 14, 2003
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF BRUNSWICK COUNTY
                         Robert G. O'Hara, Jr., Judge

        Steven Brent Novey (Tomko & Novey, P.C., on brief), for appellant.

        Jennifer R. Franklin, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        Dalian Keith Green (appellant) appeals from his convictions for grand larceny, grand

larceny of an automobile, possession of burglary tools, and statutory burglary, entered on his

conditional pleas of guilty.  On appeal, he contends that his convictions were barred by Code

§ 19.2-294 because he had already been held accountable for those acts in a previous prosecution

in federal court.   Assuming without deciding appellant's state and federal prosecutions

encompassed "the same act" within the meaning of Code § 19.2-294, we hold that statute did not

bar the instant prosecutions because those prosecutions commenced before the federal

prosecution.  Thus, we affirm the challenged convictions.

        The applicable version of Code § 19.2-294 provides in relevant part as follows:

                If the same act be a violation of two or more statutes, or of
                two or more ordinances, or of one or more statutes and also one or
                more ordinances, conviction under one of such statutes or
                ordinances shall be a bar to a prosecution or proceeding under the
                other or others.  Furthermore, if the same act be a violation of both

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

a state and a federal statute[,] a prosecution under the federal statute shall be a bar to a prosecution under the state statute. . . .

For purposes of this section, a prosecution under a federal statute shall be deemed to be commenced with the return of an indictment by the grand jury or the filing of an information by a United States attorney.

See 1987 Va. Acts, ch. 241; 2002 Va. Acts, chs. 588, 623; see also 2003 Va. Acts, ch. 736 (amending second paragraph of statute to provide that, effective July 1, 2003, "a prosecution under a federal statute shall be deemed to be commenced *once jeopardy has attached*" (emphasis added)).

Code § 19.2-294 applies "only . . . when a federal 'prosecution . . .' has commenced before *the commencement* of a state prosecution." Billington v. Commonwealth, 13 Va. App. 341, 344, 412 S.E.2d 461, 463 (1991) (citing Owens v. Commonwealth, 129 Va. 757, 761, 105 S.E. 531, 532 (1921)) (emphasis added). The Virginia Supreme Court has observed that, "[i]n criminal law, [a prosecution] . . . consists of a series of proceedings from the time formal accusation is made *by swearing out a warrant*, the finding of an indictment or information in a criminal court, the trial, and final judgment." Sigmon v. Commonwealth, 200 Va. 258, 267, 105 S.E.2d 171, 178 (1958) (emphasis added); see Phillips v. Commonwealth, 257 Va. 548, 553, 514 S.E.2d 340, 342 (1999) (holding that, "[i]n a criminal case, a 'prosecution' is the process in which an accused is brought to justice from the time a formal accusation is made through trial and final judgment in a court of appropriate jurisdiction" (citing Sigmon, 200 Va. at 267, 105 S.E.2d at 178)). Since the Supreme Court's decision in Sigmon, the legislature has amended Code § 19.2-294 to define when, "[f]or purposes of [that] section, a prosecution under a federal statute shall be deemed to be commenced." See 1987 Va. Acts, ch. 241 (amending Code § 19.2-294 to provide, effective July 1, 1987, that federal prosecution "commence[s] with the return of an indictment by a grand jury or the filing of an information by a United States attorney"); see also

2003 Va. Acts, ch. 736 (amending Code § 19.2-294 to provide, effective July 1, 2003, that federal prosecution "commence[s] once jeopardy has attached").  However, the legislature has not altered the Court's pronouncement in Sigmon, 200 Va. at 267, 105 S.E.2d at 178, that a *state* prosecution commences when "formal accusation is made by swearing out a warrant."  See Weathers v. Commonwealth, 262 Va. 803, 805, 553 S.E.2d 729, 730 (2001) ("When the General Assembly acts in an area in which one of its appellate courts already has spoken, it is presumed to know the law as the court has stated it and to acquiesce therein, and if the legislature intends to countermand such appellate decision it must do so explicitly.").  And, contrary to appellant's argument in the trial court, Sigmon refers clearly to the "swearing out" of the warrant rather than its service.  Sigmon, 200 Va. at 267, 105 S.E.2d at 178.  Thus, a state prosecution commences for purposes of Code § 19.2-294 when a warrant is issued, not when the warrant is served.

Here, we assume without deciding that the acts constituting the state offenses for which appellant was convicted in Brunswick County were the "same" acts that were the subject of the federal prosecution.  Nevertheless, Code § 19.2-294 is inapplicable.  The state court proceedings at issue commenced upon issuance of the arrest warrants in Brunswick County on May 31 and June 26, 2000.  See id.; Phillips, 257 Va. at 553, 514 S.E.2d at 342.  The federal proceedings did not commence until October 2000 when the federal indictment was returned.  See Code § 19.2-294.  Because the federal prosecution commenced *after* the state prosecution commenced, Code § 19.2-294 did not bar the state proceedings.  See Billington, 13 Va. App. at 344, 412 S.E.2d at 462.  That the state warrants were not actually served on appellant until after the federal prosecution had concluded does not alter this result.

In sum, we hold Code § 19.2-294 did not bar the instant prosecutions because those prosecutions commenced before the federal prosecution. Thus, we affirm the challenged convictions.

Affirmed.