POWELL, J.,
concurring.
I write separately in this opinion because I concur in the result but respectfully disagree -with the majority’s double jeopardy analysis as it pertains to the nature of the prosecution. In footnote 5 of its opinion, the majority assumes without deciding that Davis’s prosecutions were successive rather than simultaneous. I would hold that Davis’s prosecutions were simultaneous.
“No person shall be ... subject for the same offence to be twice put in jeopardy of life or limb____” U.S. Const, amend. V. “The constitutional prohibition of double jeopardy has been held to consist of three separate guarantees: (1) ‘It protects against a second prosecution for the same offense after acquittal. [ (2) It] protects against a second prosecution for the same offense after conviction. [ (3) ] And it protects against multiple punishments for the same offense.’ ” Illinois v. Vitale, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980) (quoting North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted)). The first and second guarantees are only applicable to a second proceeding brought after an acquittal or conviction, i.e., a successive prosecution. The third guarantee, however, is relevant in simultaneous prosecutions. Thus, I believe that we must begin our analysis by determining whether the prosecutions were successive or simultaneous before we determine whether Davis was twice subjected to prosecution for the same offense following a conviction or whether he received multiple punishments for one offense.
In Phillips v. Commonwealth, 257 Va. 548, 549-50, 514 S.E.2d 340, 341 (1999), the Supreme Court of Virginia considered “whether Code § 19.2-294 bar[red] a defendant’s conviction on two felony charges of selling marijuana on school property, after he had been convicted in the general district *466 court on two misdemeanor charges of distribution of marijuana based on the same acts.”[12] There, two arrest warrants were issued for appellant charging him with the felony offenses of selling marijuana on school grounds. Id. at 550, 514 S.E.2d at 341.
One week later, two more arrest warrants were issued against Phillips charging him with misdemeanor offenses of distributing less than a half-ounce of marijuana ..., in violation of Code § 18.2-248.1, based on the same acts as the felony charges.
On October 29, 1996, Phillips appeared in the General District Court of Russell County on all four charges. At that hearing, Phillips was tried and convicted on the two misdemeanor charges and waived a preliminary hearing on the two felony charges. The grand jury later indicted Phillips on the two felony charges.
Id. In determining whether Phillips’s prosecutions were successive or simultaneous, the Supreme Court of Virginia defined “prosecution” as “the process in which an accused is brought to justice from the time a formal accusation is made through trial and final judgment in a court of appropriate jurisdiction.” Id. at 553, 514 S.E.2d at 343; see Sigmon v. Commonwealth, 200 Va. 258, 267, 105 S.E.2d 171, 178 (1958) (defining “prosecution” as “the means adopted to bring a supposed criminal to justice and punishment by due course of law, and consists of a series of proceedings from the time formal accusation is made by swearing out a warrant, the finding of an indictment or information in a criminal court, the trial, and final judgment”).[13] The Supreme Court held:
*467 The procurement of arrest warrants on different dates does not automatically trigger the successive prosecution bar of Code § 19.2-294. Since the bar is intended to protect an accused from the “hazards of vexatious, multiple prosecutions,” the bar does not preclude the prosecution of charges in a single, evidentiary hearing, even though the arrest warrants were obtained on different dates. In such a situation, the accused is not subjected to a greater burden than when the charges are brought simultaneously and heard together. The accused conducts his defense based on the same trial sequence and faces the same potential for anxiety, expense, and punishment.
Phillips, 257 Va. at 553, 514 S.E.2d at 343. The Court ruled that Phillips’s “prosecutions were simultaneous, not successive, because they were joined in a single evidentiary hearing in the general district court.” Id. The Court reached this conclu *468 sion even though Phillips waived a preliminary hearing on the two felony charges. Id. “Thus, the later events in the circuit court on the felony charges were merely a continuation of the same prosecution.” Id.
Over the course of time, this Court and the Supreme Court of Virginia have decided various factual scenarios along the prosecution continuum as satisfying the definition of simultaneous prosecutions. See Bradshaw v. Commonwealth, 228 Va. 484, 491-92, 323 S.E.2d 567, 571-72 (1984) (felony charges initiated at separate times but final judgments reached in the same proceeding); Phillips, 257 Va. at 553, 514 S.E.2d at 343 (misdemeanor and felony charges initiated at separate times with the misdemeanor resolved in general district court and the preliminary hearing waived on the felony); Freeman v. Commonwealth, 14 Va.App. 126, 128-29, 414 S.E.2d 871, 873 (1992) (misdemeanor and felony charges initiated at the same time, but out of necessity, the misdemeanor was concluded before the felony was concluded in circuit court). Davis’s case presents yet another set of facts, i.e., misdemeanor charges brought at one time and felony charges brought separately but prior to final judgment in the misdemeanor case.[14] Based on the broad definition of “prosecution” employed in Phillips and other cases, i.e., “ ‘prosecution’ is the process in which an accused is brought to justice from the time a formal accusation is made through trial and final judgment in a court of appropriate jurisdiction!;,]” 257 Va. at 553, 514 S.E.2d at 343, I believe that Davis’s prosecutions were simultaneous as his prosecution for aggravated involuntary manslaughter commenced with his indictment by a grand jury before his prosecution for driving while intoxicated concluded with the final judgment in general district court. Just as the “simultaneous initiation of criminal charges is not the exclusive factor in determining whether those charges have been resolved in a simultaneous prosecution!]]” id. at 552, 514 S.E.2d at 342-43, *469 the prosecution of the offenses in a single evidentiary hearing is an “overriding” but not exclusive factor. Therefore, I would find that where the two prosecutions overlap at any time before one reaches final judgment, the prosecutions are simultaneous and not successive.
Because Davis’s prosecutions were simultaneous, our holding in Dalo v. Commonwealth, 37 Va.App. 156, 554 S.E.2d 705 (2001), controls. In Dalo, the appellant was similarly charged with driving while intoxicated and involuntary manslaughter in a simultaneous prosecution. Id. at 160-61, 554 S.E.2d at 707. This Court held that Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), is not controlling where the legislative intent is clear. Id. at 163-64, 554 S.E.2d at 708-09. This Court concluded that the General Assembly intended to allow multiple punishments for involuntary manslaughter and driving while intoxicated. Id. at 166-69, 554 S.E.2d at 709-11.
In this case, Davis correctly conceded that “the case law is clear that when § 18.2-266 and § 18.2-36.1 are tried simultaneously at any point in the proceedings, there is no Fifth Amendment violation.” Therefore, I would hold that Davis’s argument that his multiple convictions for aggravated involuntary manslaughter and driving while intoxicated constitute constitutional double jeopardy is without merit. Given that I would hold that the prosecutions are simultaneous, I would conclude that Code § 19.2-294 has no applicability because, by its terms, it only applies when the charges are tried successively. Phillips, 257 Va. at 552, 514 S.E.2d at 342 (stating that “[b]y its terms, the statute does not apply to simultaneous prosecutions, because only a prior conviction for the violation of an act will bar a later prosecution for the same act”). I join the majority in analyzing the sufficiency of the evidence.

. Although in Phillips the appellant only argued that his prosecutions were successive and thus constituted statutory double jeopardy under Code § 19.2-294, the analysis defining what is a successive or simultaneous prosecution would logically be the same regardless of whether the double jeopardy challenge is a constitutional or statutory one as something either is or is not a successive prosecution.

. Numerous other jurisdictions have applied similar definitions of "prosecution.” See Florida ex rel. Shevin v. Exxon Corp., 526 F.2d 266, 271 (5th Cir.1976) (citing the definition of "prosecution” used in *467 Sigmon); United States v. Gonware, 415 F.2d 82, 84 (9th Cir.1969) (defining "prosecution" as "the following up or carrying on of an action or suit already commenced until the remedy be attained" and concluding that a "[p]rosecution is not completed in a criminal case until the defendant begins to serve his sentence”); Lupton v. Chase Nat. Bank, 89 F.Supp. 393, 397 (D.Neb.1950) (considering three definitions of "prosecution” ((1) "The instituting and carrying forward of a judicial proceeding to obtain some right or to redress and punish some wrong[;]” 2) "commencing, conducting and carrying a suit to a conclusion in a court of justice[;]” and 3) "the following up or carrying on of an action or suit already commenced until the remedy be attained; the act of conducting or waging a proceeding in court; the institution and carrying on of a suit in a court of law or equity, to obtain some right, or redress some ... wrong”) before determining that a "prosecution” terminates when an award is final); State v. Cardwell, 187 Mont. 370, 609 P.2d 1230, 1232-33 (1980) (quoting the definition of "prosecution” used in Sigmon); State v. Harvey, 281 N.C. 1, 187 S.E.2d 706, 717 (1972) (defining "prosecution” as "the series of proceedings had in the bringing of an accused person to justice, from the time when the formal accusation is made, by the filing of an affidavit or a bill of indictment or information in the criminal court, until the proceedings are terminated”); State v. Wiese, 201 N.W.2d 734, 737 (Iowa 1972) (citing the definition of "prosecution” used in Sigmon ); State v. Williams, 192 La. 713, 189 So. 112, 114 (1939) (defining a "prosecution” as “the series of proceedings had in the bringing of an accused person to justice, from the time when the formal accusation is made, by the filing of an affidavit or a bill of indictment or information in the criminal court, until the proceedings are terminated”).

. Here, a grand jury indicted Davis for aggravated involuntary manslaughter on April 6, 2009. Thereafter, he was convicted for driving while intoxicated on April 8, 2009.