COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Kelsey and Huff
Argued by teleconference


LESLIE NEAL SAUNDERS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1195-10-1              CHIEF JUDGE WALTER S. FELTON, JR.
                                                    DECEMBER 6, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Norman A. Thomas, Judge[1]

Charles E. Haden for appellant.

Benjamin H. Katz, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        Leslie Neal Saunders ("appellant") was convicted by the Circuit Court of the City of

Norfolk ("trial court") of possession of materials with which explosive materials could be made

with intent to manufacture such materials, in violation of Code § 18.2-85(i), and possession of

explosive materials, in violation of Code § 18.2-85(ii). On appeal, appellant contends that the trial

court erred in finding the evidence sufficient to convict him of both charges. In addition, appellant

contends the trial court erred in denying his motion to dismiss the felony charges pursuant to Code

§ 19.2-294 and constitutional double jeopardy principles. For the following reasons, we affirm

appellant's convictions.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Honorable Charles E. Poston denied appellant's motion to dismiss by letter opinion
dated May 27, 2009. The Honorable Norman A. Thomas presided over appellant's bench trial
and found the evidence sufficient to convict him.

## I.  BACKGROUND
### A.  Facts

"When considering a challenge to the sufficiency of the evidence to sustain a conviction, this Court reviews 'the evidence in the light most favorable to the prevailing party at trial and consider[s] all inferences fairly deducible from that evidence.'" Clark v. Commonwealth, 279 Va. 636, 640, 691 S.E.2d 786, 788 (2010) (alteration in original) (quoting Jones v. Commonwealth, 276 Va. 121, 124, 661 S.E.2d 412, 414 (2008)).

On February 14, 2008, Mike Scott, a special agent with the Federal Bureau of Tobacco, Firearms, and Explosives, and Investigator Scott Gartner, of the Norfolk Fire Marshal's Office, interviewed appellant in the machine shop of Old Dominion University, appellant's place of employment.  The officers had "received allegations that [appellant] was making pyrotechnics in the machine shop."  In response to the officers' questions, appellant stated that he had previously made fireworks and that "he may have a couple pounds [of chemicals] left over at his house."

Appellant permitted the officers to follow him to the house where he rented a bedroom. Over a period of six to eight hours, with appellant's consent, the officers thoroughly searched appellant's bedroom, recovering a total of 220 pounds of chemicals, including "140, 150 pounds of hazardous material."  They found a bag of fireworks in appellant's closet.  Additionally, appellant showed the officers numerous bags and containers of various chemicals in his rented room.  Among the items found were approximately twenty pounds of potassium nitrate, fifteen pounds of potassium chlorate, three ounces of sulfur, a container of aluminum, and eight pounds of barium carbonate.  The officers also found approximately one pound of black powder and black pellets.  The police also seized fuses and electronic parts, including parts used for invisible beam intrusion sensors, electrode switches, and wires.  Special Agent Scott testified that some of the hobby fuses found by the police in appellant's possession could be used in constructing model rockets.

Investigator Gartner, a certified bomb technician, qualified as an expert witness, testified that he identified several of the items found in appellant's possession to be materials that could be component parts for bombs.

Approximately one month after the officers searched appellant's bedroom, Investigator Gartner noticed that items seized from appellant's bedroom, ten four- to six-inch long tubes with fuses attached to them, appeared to be deteriorating. The officers determined the items should be destroyed for safety reasons. Using hobby fuses seized from appellant's home, Gartner exploded those items, resulting in a loud sound and flash.

Tim Croley, qualified as an expert in the field of analytical chemistry, tested the various chemicals seized from the garage of the house and from appellant's bedroom. Several of the substances were determined to be explosive or potentially explosive materials. The identified substances included black gunpowder in powder and pellet form. Croley identified gunpowder as a combustible substance that explodes near heat. In his testimony, Croley identified other substances found in appellant's bedroom that also had an increased rate of combustion or were explosive when exposed to heat.

## B. Procedural History

Appellant was charged with two misdemeanors for violating Norfolk City Code § 17.1-43 (fire prevention code) and Norfolk City Code § 17.1-44(25) (prohibiting manufacture, possession, and use of fireworks), and also charged with two felonies for violations of Code § 18.2-85 (manufacture, possession, use, etc., of fire bombs or explosive materials), as well as a felony charge for storing or transporting hazardous waste without a permit, in violation of Code § 10.1-1455.[2]

---

[2] Appellant was later found not guilty of storing or transporting hazardous waste without a permit, in violation of Code § 10.1-1455.

On September 2, 2008, appellant entered guilty pleas in the Norfolk General District Court ("district court") to the misdemeanor city code violations of possessing fireworks and permitting conditions that could cause the spread of fire.[3] On that same date, the district court certified to the grand jury two felony charges of violating Code § 18.2-85 and a felony charge of violating Code § 10.1-1455.

On December 2, 2008, appellant filed a motion in the trial court seeking the dismissal of his felony charges, asserting that they were barred by double jeopardy principles following his misdemeanor convictions in violation of the Norfolk ordinances. Appellant also asserted his felony charges violated Code § 19.2-294 (offenses against two or more statutes or ordinances). Following briefing and argument, the trial court denied appellant's motion to dismiss.

During his subsequent bench trial, appellant moved to strike the Commonwealth's evidence on the felony offenses following its case-in-chief. He argued that the felony charges under Code § 18.2-85 should be dismissed, contending that the Commonwealth had not produced any testimony describing how the recovered chemicals might be combined to form a bomb. Appellant asserted that the evidence established only that he possessed components of making fireworks, which he contended was specifically excluded from Code § 18.2-85. The trial court denied appellant's motion to strike.

After all the evidence was presented, appellant renewed his motion to strike the Commonwealth's evidence. He argued the Commonwealth's evidence did not show he possessed and used explosive materials for any unlawful purpose, asserting that his possession of the materials was to make fireworks, which are excluded from the purview of Code § 18.2-85. The trial court denied that motion.

---

[3] Appellant's misdemeanor convictions are not before this Court on appeal.

In convicting appellant, the trial court stated:

> Taking all things into consideration, sir, the Court finds as follows: Beyond a reasonable doubt that you did feloniously possess materials with which explosive materials could be made with the intent to manufacture explosive materials.
>
> That is under Indictment No. 1.
>
> Under Indictment No. 2, it finds beyond a reasonable doubt that you did feloniously possess explosive materials.
>
> *Important in that statement . . . is that he's not been found guilty under the indictments with respect to firebombs or explosive devices, but as to explosive materials.*

(Emphasis added).

After he was found guilty, appellant moved to set aside the judgment of the trial court. He argued the Commonwealth's evidence failed to establish that the materials he possessed were capable of making an explosive device. He also maintained the evidence was insufficient to establish that he possessed the materials with intent to make an explosive device. Following argument, the trial court denied the motion.

## II. ANALYSIS
### A. Sufficiency

On appeal, appellant contends the evidence was insufficient to convict him of unlawfully possessing explosive materials, asserting he possessed those materials for the lawful purpose of making fireworks.

"'When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it.'" Smallwood v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational

- 5 -

trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Appellant contends the evidence was not sufficient to convict him because it established only that he possessed the explosive materials to make fireworks. However, the evidence presented to the trial court showed that appellant improperly stored 220 pounds of chemicals at his home, of which 140-150 pounds were identified by expert testimony as hazardous and/or explosive materials. The evidence amply supported the trial court's findings that appellant "feloniously possess[ed] materials with which explosive materials could be made with the intent to manufacture explosive materials" and "feloniously possess[ed] explosive materials."

Code § 18.2-85 provides in pertinent part:

> Any person who (i) possesses materials with which fire bombs or explosive materials or devices can be made with the intent to manufacture fire bombs or explosive materials or devices or, (ii) manufactures, transports, distributes, possesses or uses a fire bomb or explosive materials or devices shall be guilty of a Class 5 felony.

The statute defines "explosive material" as

> any chemical compound, mechanical mixture or device that is commonly used or can be used for the purpose of producing an explosion and which contains any oxidizing and combustive agents or other ingredients in such proportions, quantities or packaging that an ignition by fire, friction, concussion, percussion, detonation or by any part of the compound or mixture may cause a sudden generation of highly heated gases. These materials include, but are not limited to, gunpowder, powders for blasting, high explosives, blasting materials, fuses (other than electric circuit breakers), detonators, and other detonating agents and smokeless powder.

Code § 18.2-85.

This Court recently stated

> that Code § 18.2-85 does not require that the Commonwealth show that an individual possessed a malicious intent in possessing or manufacturing the explosive devices. In effect, Code § 18.2-85 establishes a strict liability offense that an accused may counter

- 6 -

> with the statutory affirmative defenses provided in the last clause of the statute. . . . Accordingly, possessing or manufacturing explosive materials or an explosive device, regardless of the accused's intent or knowledge that such possession or manufacturing is unlawful, constitutes a violation of Code § 18.2-85.

Flanagan v. Commonwealth, 58 Va. App. 681, 702-03, 714 S.E.2d 212, 222 (2011).

Among the items found in appellant's possession was gunpowder, which is, by explicit statutory designation, explosive material. Accordingly, the evidence at trial was sufficient to prove that appellant was guilty of violating Code § 18.2-85(ii). The trial court explicitly found that "[appellant's] not been found guilty under the indictments with respect to firebombs or explosive devices, but as to explosive materials." Because the evidence established beyond a reasonable doubt that appellant clearly possessed explosive materials in violation of Code § 18.2-85, the trial court did not err in convicting him as charged.

## B. Double Jeopardy

Appellant also contends that the trial court erred in denying his motion to dismiss because trying him on the felony charges after his misdemeanor convictions violated Code § 19.2-294. He also asserts that because he pled guilty to two misdemeanor charges, his subsequent felony convictions were barred by constitutional double jeopardy principles.

"In reviewing a double jeopardy claim, or a claim based on statutory interpretation, this Court shall conduct a *de novo* review." Davis v. Commonwealth, 57 Va. App. 446, 455, 703 S.E.2d 259, 263 (2011).

At the preliminary hearing before the district court on September 2, 2008, appellant entered guilty pleas to, and was convicted of, charges that he violated Norfolk City Code § 17.1-43 (permitting conditions that would cause the spread of fire) and Norfolk City Code § 17.1-44(25) (manufacturing, possessing, or using fireworks in the city, both misdemeanors).

On that same date, the district court certified to the grand jury two felony charges of violating Code § 18.2-85.

## 1. Code § 19.2-294

On appeal, appellant argues his prosecution for the two felony violations of Code § 18.2-85, following his convictions of the city ordinances, was barred by Code § 19.2-294. Code § 19.2-294 provides, in pertinent part, that "[i]f the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others." This section "prevents the Commonwealth from 'subjecting an accused to the hazards of vexatious, multiple prosecutions.' By its terms, the statute does not apply to simultaneous prosecutions, because only a prior *conviction* for the violation of an act will bar a later prosecution for the same act." Phillips v. Commonwealth, 257 Va. 548, 551-52, 514 S.E.2d 340, 342 (1999) (quoting Hall v. Commonwealth, 14 Va. App. 892, 899, 421 S.E.2d 455, 460 (1992) (en banc)).

Code § 19.2-294 does not bar convictions for felony and misdemeanor charges based on the same act as long as those charges are prosecuted in a single, concurrent evidentiary hearing. Id. at 553, 514 S.E.2d at 343. "Where charges are brought simultaneously, the amenability of one to early conclusion while the other requires further proceedings, does not alter the fact that the proceedings are concurrent, not successive, prosecutions." Slater v. Commonwealth, 15 Va. App. 593, 595, 425 S.E.2d 816, 817 (1993). Appellant's convictions do not violate the provisions of Code § 19.2-294.

## 2. Constitutional Double Jeopardy Principles

Appellant also argues on appeal that his felony convictions violate the double jeopardy clauses of the United States and Virginia Constitutions. "'The double jeopardy clauses of the

United States and Virginia Constitutions provide that no person shall be put twice in jeopardy for the same offense.'" Tharrington v. Commonwealth, 58 Va. App. 704, 709, 715 S.E.2d 388, 390 (2011) (quoting Martin v. Commonwealth, 221 Va. 720, 722, 273 S.E.2d 778, 780 (1981)). "'This constitutional provision guarantees protection against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.'" Payne v. Commonwealth, 277 Va. 531, 540, 674 S.E.2d 835, 839 (2009) (quoting Payne v. Commonwealth, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999)). "In a case where both of the defendant's convictions occurred in a single trial, the only relevant constitutional guarantee is protection against multiple punishments for the same offense." Id.

> To determine whether two charges constitute the same offense, we must consider the rule enunciated in Blockburger [v. United States], 284 U.S. [299,] 304 [(1932)]. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. A double jeopardy violation exists only if the offenses always require proof of the same elements. See Illinois v. Vitale, 447 U.S. 410, 419-20 (1980). "In applying the Blockburger test, we look at the offenses charged in the abstract, without referring to the particular facts of the case under review." Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001).

Davis, 57 Va. App. at 455-56, 703 S.E.2d at 263-64 (fourth alteration in original).

Norfolk City Code § 17.1-43 adopts the Virginia Statewide Fire Prevention Code, which prohibits a person from maintaining "dangerous conditions which are liable to cause or contribute to the spread of fire in or on said premises, building or structure, or to endanger the occupants thereof." Va. Statewide Fire Prevention Code § 110.1. Norfolk City Code § 17.1-44(25) provides that "[t]he manufacture of fireworks is prohibited within the jurisdiction.

The possession or use of fireworks is prohibited within the city, except for fireworks approved by permit according to the rules and regulations of the fire official."

As noted above, pursuant to Code § 18.2-85(i) and (ii), it is unlawful to "possess[] materials with which fire bombs or explosive materials or devices can be made with the intent to manufacture fire bombs or explosive materials or devices" and to "manufacture[], transport[], distribute[], possess[] or use[] a fire bomb or explosive materials or devices[.]"

While convictions of Norfolk City Code §§ 17.1-43 and 17.1-44(25) require findings of a dangerous condition liable to cause or contribute to a fire and that a defendant possessed or manufactured fireworks, convictions under Code § 18.2-85(i) and (ii) do not. Furthermore, a conviction under Code § 18.2-85(i) requires proof of *intent to manufacture fire bombs or explosive materials or devices*, which the misdemeanor offenses do not. By statute, fireworks as defined by Code § 27-95 are not considered "explosive devices." Code § 18.2-85. Accordingly, a conviction under Code § 18.2-85(ii) requires a showing that the defendant possessed prohibited items other than fireworks.

Accordingly, each of the misdemeanor and felony offenses required an element of proof the other offenses did not. The trial court therefore did not err in denying appellant's motion to dismiss the felony offenses on constitutional double jeopardy grounds.

### III. CONCLUSION

For the foregoing reasons, we affirm the judgments of the trial court.

<u>Affirmed.</u>