COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judge Humphreys and Senior Judge Bumgardner
Argued at Roanoke, Virginia

UNPUBLISHED

RONALD WAYNE BRAY

MEMORANDUM OPINION[*] BY
v.      Record No. 1128-14-3       JUDGE RUDOLPH BUMGARDNER, III
NOVEMBER 17, 2015

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

Glenn L. Berger (Berger & Thornhill, on brief), for appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Ronald Wayne Bray appeals his convictions of four counts each of selling alcoholic

beverages without a license, Code § 4.1-302, possessing a dangerous weapon while selling

alcoholic beverages, Code § 4.1-318, and possessing or transporting alcoholic beverages on

which taxes were not paid, Code § 4.1-313(A).[1] The twelve convictions arose out of four

separate sales. He contends imposing separate sentences for each of the twelve offenses

constituted double jeopardy and violated Code § 19.2-294. We conclude it did not and affirm.

On February 7, February 22, April 19, and June 17, 2013, the defendant sold alcoholic

beverages to undercover agents of the Department of Alcoholic Beverage Control. He had no

license to sell alcohol and had paid no taxes on the alcohol. A firearm was visible during each

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The defendant entered conditional guilty pleas to the alcohol-related offenses, as well as
to a charge of maintaining a common nuisance. He does not challenge his conviction of
maintaining a common nuisance.

sale. The trial court convicted the defendant of violating Code § 4.1-302, Code § 4.1-313(A), and Code § 4.1-318 on each offense date.

The defendant asserts the trial court violated Code § 19.2-294 by sentencing him separately for each of the offenses. Code § 19.2-294 provides:

> If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others.

However, Phillips v. Commonwealth, 257 Va. 548, 552, 514 S.E.2d 340, 342 (1999), held: "[T]he statute does not apply to simultaneous prosecutions, because only a prior *conviction* for the violation of an act will bar a later prosecution for the same act." All of these prosecutions were simultaneous, not successive. Accordingly, the argument fails.

The defendant maintains his separate punishment for the twelve offenses was double jeopardy. "The Double Jeopardy Clause . . . provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.' U.S. Const. amend. V. This protection applies both to successive punishments and to successive prosecutions for the same criminal offense." United States v. Dixon, 509 U.S. 688, 695-96 (1993). "[W]here the two offenses for which the defendant is punished or tried cannot survive the 'same-elements' test, the double jeopardy bar applies." Id. at 696.

Offenses are not "the same" when, viewed in the abstract, each requires proof of an element that the other does not. Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2002). See also Payne v. Commonwealth, 277 Va. 531, 540, 674 S.E.2d 835, 839 (2009).

Code § 4.1-318 provides: "No person shall unlawfully manufacture, transport or sell any alcoholic beverages, and at the time . . . have in his possession, actual or constructive, at or within 100 yards . . . any dangerous weapon as described in § 18.2-308." Code § 4.1-313(A)

provides: "No person, other than a common carrier, shall have . . . [or] possess . . . alcoholic beverages upon which the tax imposed by the laws of the United States has not been paid." Code § 4.1-302 makes it unlawful for "any person who is not licensed [to] sell[] any alcoholic beverages except as permitted by this title . . . ."

These statutes define three distinct offenses because each contains an element the others do not. Code § 4.1-318 requires proof that the defendant possessed a dangerous weapon; the other two offenses do not. Code § 4.1-313(A) requires proof that the defendant did not pay the required taxes; the other two offenses do not. Code § 4.1-302 requires proof that the defendant sold alcohol without a license; the other two offenses do not.

Although prosecution of these three offenses involved some common evidence, when viewed in the abstract, no one offense contained all the elements of the other two offenses. The trial court did not err in convicting the defendant for each of the four sets of three offenses and for sentencing separately on each of the separate convictions. Accordingly, we affirm.

<u>Affirmed.</u>