Richmond

ERNEST LEE MARTIN

V.

COMMONWEALTH OF VIRGINIA

January 16, 1981.

Record No. 800573.

Present: All the Justices.

R. Kevin Adams for appellant.
Richard B. Smith, Assistant Attorney General (Marshall Coleman, Attorney General, on brief), for appellee.

CARRICO, J., delivered the opinion of the Court.

In this criminal case, the defendant, Ernest Lee Martin, was indicted for robbery and grand larceny. He was convicted of robbery and petit larceny, for which he was sentenced to confinement for terms of 25 years and 12 months, respectively.[1] The sole question for decision is whether the defendant's convictions of both robbery and petit larceny constitutes double jeopardy.

The charges under review stem from the defendant's actions at the "Big G," a service station owned by Melvin Davis in Sussex County.

---

[1] The defendant was convicted also of abduction, possession of a sawed-off shotgun, and use of a deadly weapon in the commission of a felony. These convictions, however, are not involved in or pertinent to this appeal.

In the early morning hours of December 29, 1978, the defendant drove his automobile into the station and directed Earl Randolph Griffin, the attendant on duty, to fill the car's gasoline tank. As Griffin was completing this task and "taking the nozzle out," the defendant displayed a shotgun and said, "give me all your money." Griffin reached into his pocket and withdrew the money but, in his fright, dropped it on the ground. Griffin was "about to pick [the money] up," but the defendant "picked [it] up" himself.

Upon the defendant's command, Griffin went inside the station building and unlocked a "refrigerator [station personnel] kept the money in." Griffin removed from the refrigerator a sum of money and handed it to the defendant.

Testifying below, Griffin was uncertain concerning the amount of money the defendant stole. At one point, Griffin stated the total amount involved was "about two hundred and fifty dollars." At other points, he said the total was "more than" $50 and "might have been" as much as $200. With respect to the amount seized from the refrigerator, Griffin could say only that it was part of the total he estimated was stolen. Asked "how much was in [his] pocket" at the time he was robbed, Griffin replied he had an unknown amount of "the company's money" and $25 of his own funds.

The robbery indictment returned against the defendant charged that, on December 29, 1978, he "unlawfully and feloniously did rob one Earl Randolph Griffin of United States currency and monies having a value of about Two Hundred Fifty Dollars ($250.00)." The grand larceny indictment alleged that, on the same date, the defendant "unlawfully and feloniously did steal United States monies and currencies having a value of Two Hundred Fifty Dollars ($250.00) belonging to Melvin Davis, trading as 'Big G' Service Station in the possession of Earl Randolph Griffin."

■ The double jeopardy clauses of the United States and Virginia Constitutions provide that no person shall be put twice in jeopardy for the same offense. U.S. Const., amend. V; Va. Const., art. I, § 8. These clauses apply when (1) the two offenses involved are identical, (2) the former offense is lesser-included in the subsequent offense, and (3) the subsequent offense is lesser-included in the former offense. *Roderick Cecil Jones* v. *Commonwealth*, 218 Va. 757, 759, 240 S.E.2d 658, 660, *cert. denied*, 435 U.S. 909, 439 U.S. 892 (1978).

The defendant does not contend that the two offenses of which he stands convicted are identical. And he recognizes the rule enunciated in *Roderick Cecil Jones, id.,* that grand larceny is a lesser-included offense of robbery only when the larceny is the theft expressly charged

in the robbery indictment. His double jeopardy argument is based upon the propositions that the two indictments in his case charge "exactly the same theft," that proof of the robbery charge also supports his petit larceny conviction, and that the conviction of petit larceny is for an offense lesser-included within robbery.

We do not agree with the defendant. "It is the identity of the offense, *and not the act,* which is referred to in the constitutional guaranty against double jeopardy." (Emphasis added.) *Epps* v. *Commonwealth,* 216 Va. 150, 153-54, 216 S.E.2d 64, 67 (1975). *Accord, Miles* v. *Commonwealth,* 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964). "It is well settled that two or more distinct and separate offenses may grow out of a single incident or occurrence, warranting the prosecution and punishment of an offender for each." *Jones* v. *Commonwealth,* 208 Va. 370, 375, 157 S.E.2d 907, 910 (1967). Obviously, therefore, if an accused is prosecuted for multiple offenses based upon distinct and separate acts, the offenses would be neither identical nor lesser-included for double jeopardy purposes. *See Ashby* v. *Commonwealth,* 208 Va. 443, 445-46, 158 S.E.2d 657, 659-60 (1968), *cert. denied,* 393 U.S. 1111 (1969).

*Roderick Cecil Jones* v. *Commonwealth, supra,* presented a situation strikingly similar to the one at hand. There, as here, the accused was indicted for both robbery and grand larceny. The evidence showed that the accused, armed with a pistol, entered the office of a Holiday Inn and forced the clerk in charge to surrender the money in a cash drawer and the keys to the motel's "courtesy car." The accused then required the clerk to accompany him to the car, parked some 200 yards from the office, and to open the driver's door. The accused entered the car and drove away. He was convicted of robbery based upon the theft of the money and of grand larceny for the theft of the automobile.

Affirming in *Roderick Cecil Jones,* we rejected the accused's argument that his grand larceny conviction was for a lesser-included offense of the robbery charge upon which he was also convicted. We pointed out that one offense is not lesser-included within another unless all its elements are included in the other. We observed that theft is an essential component of robbery, charged as such in every robbery indictment, and that a robbery indictment includes, therefore, all elements of whatever larceny offense is charged, whether grand or petit. Accordingly, we said that the larceny offense so charged is lesser-included in robbery. We found, however, that the larceny of the "courtesy car" was not charged in the robbery indictment. And we held that, because the value of the car was one of the essential elements of the grand

larceny charge but not of the robbery, the accused's larceny conviction was not for an offense lesser-included within the robbery charge.[2]

The accused in *Roderick Cecil Jones* argued also that his conviction of both robbery and grand larceny was barred by Code § 19.2-294, which provides that "[i]f the same act be a violation of two or more statutes . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others." While an argument based upon this statute "is not exactly a defense of former jeopardy . . . it amounts to such a defense in purpose and desired effect." *Epps* v. *Commonwealth,* 216 Va. at 155, 216 S.E.2d at 68.

Particularly pertinent here is this court's disposition of the statutory double jeopardy argument in *Roderick Cecil Jones.* In rejecting the argument, we discussed the accused's contention that the rule in *Holly's Case*[3] barred his conviction of both robbery and grand larceny. As quoted in *Roderick Cecil Jones,* the *Holly* rule provides:

> " 'The theft of several articles at one and the same time constitutes an indivisible offense, and a conviction or acquittal of any one or more of them is a bar to a subsequent prosecution for the larceny of the others.' "

218 Va. at 761, 240 S.E.2d at 661.

We said in *Roderick Cecil Jones* that the *Holly* rule was inapplicable in two respects:

> First, the rule applies only to a case involving multiple larceny prosecutions predicated upon the theft of multiple articles stolen contemporaneously. Defendant was prosecuted for only one larceny offense.[4]

> Second, while multiple articles were stolen, they were not stolen "at one and the same time". Larceny of the money was complete

---

[2] Noting our "value of the car" distinction between the grand larceny and robbery convictions in *Roderick Cecil Jones,* the defendant here argues that, because petit larceny does not require proof of value of the article stolen, petit larceny necessarily is a lesser-included offense of robbery. This is a non sequitur. As *Roderick Cecil Jones* indicates, larceny, whether grand or petit, is a lesser-included offense of robbery only when it is the theft expressly charged in the robbery indictment. 218 Va. at 759-60, 240 S.E.2d at 660.

[3] 113 Va. 769, 75 S.E. 88 (1912).

[4] In note 3 of the *Roderick Cecil Jones* opinion, we stated:
>    If defendant had been convicted of larceny of the money, the rule in *Holly's Case* would bar a subsequent prosecution for larceny of the car (assuming both articles were stolen *contemporaneously*). [Emphasis added.]

218 Va. at 761, 240 S.E.2d at 661.

and the act underlying that offense ended the moment the money was taken and carried away. Larceny of the car, located two hundred yards from the scene of the first theft, and the act underlying that offense occurred at a different place at a later point in time. True, the two thefts involved property of the same owner and were committed by the same criminal agent during a continuing course of intimidation of the same victim; in those respects, the two acts are *similar*. But, like the statutory rule, the rule in *Holly's Case* forbids multiple prosecution of offenses springing from the *same* criminal act. Here, in terms of time and situs, the two thefts involved two separate and distinct acts of caption and two different acts of asportation.

[T]herefore . . . the acts which constituted the two offenses of which defendant was convicted were not "the same act" within the meaning of Code § 19.2-294.

218 Va. at 761, 240 S.E.2d at 661-62.

Admittedly, there are differences between *Roderick Cecil Jones* and the case at hand. We believe, however, that the logic of the just-quoted language applies with equal force here.

Where the robbery indictment in *Roderick Cecil Jones* was based upon the theft of money from the cash drawer and the grand larceny indictment was grounded upon the theft of the "courtesy car," both indictments here involve the theft of money and, to complicate matters further, the amounts stated in the two indictments are similar. The robbery indictment charges a theft of "about" $250 and the larceny indictment alleges a taking of $250. It does not follow, however, that this similarity requires the conclusion that the two indictments charge the same theft. Without a listing of the serial numbers of the bills making up the two amounts, it is impossible to determine from a mere statement of the amounts whether they involve the same or different "dollars." The similarity could result from nothing more than coincidence. Furthermore, the indictments identify different victims of the crimes charged: the robbery indictment identifies Earl Randolph Griffin as the victim of the theft forming the basis of the robbery charge;

---

The accused in *Roderick Cecil Jones* was not convicted of larceny of the money but of robbery based upon the theft of that money, and the money and the car were not stolen contemporaneously. Here, as we demonstrate *infra*, the defendant was not convicted of larceny for the theft of money outside the station but of robbery based upon the theft of that money. And the theft of money outside the station and the theft of money from the refrigerator did not occur contemporaneously. Of course, robbery is an offense against the person of the victim as well as his property while larceny is a property offense only.

the grand larceny indictment identifies Melvin Davis as the victim whose money was stolen in the theft there charged against the defendant.[5]

From the standpoint of proof of separateness of offenses, the present case differs from *Roderick Cecil Jones* only in degree. There, the theft of the money underlying the robbery charge and the theft of the car underlying the larceny offense were separated in terms of situs by some 200 yards and in time by the interval required for the thief and his victim to walk that distance. Here, the two thefts were separated in terms of space only by the distance from the gasoline pumps outside the station to the location of the refrigerator inside; in terms of time, the thefts were separated only by the interval required for the defendant and Griffin to walk the somewhat shorter distance involved in this case. The two thefts here, however, no less involved separate and distinct acts of caption and asportation. The robbery outside the station was complete and the theft underlying that offense ended the moment the defendant picked up the money Griffin had dropped. The larceny inside the station and the theft underlying that offense began and ended with the removal from the refrigerator of the money concealed therein.

We believe that, where, in *Roderick Cecil Jones,* the robbery charge was supported by proof of the theft of the money in the cash drawer, the robbery charge here is supported by proof of the theft from Griffin's person of an unknown amount of "the company's money" and $25 of his own funds. We believe further that, where, in *Roderick Cecil Jones,* the grand larceny charge was supported by proof of the distinct and separate theft of the "courtesy car," the petit larceny charge here is supported by proof of the distinct and separate theft from the refrigerator of an undetermined amount of money belonging to Melvin Davis.

Because the two offenses of which the defendant stands convicted were based upon distinct and separate acts and did not involve the same theft, the defendant has not suffered any deprivation of his double jeopardy guarantees. Accordingly, his conviction of both robbery and petit larceny will be affirmed.

*Affirmed.*

I'ANSON, C.J., dissenting.

---

[5] In making this distinction, we do not mean to indicate that, if the two amounts involved in this case belonged to the same victim, the double jeopardy clauses would bar conviction of both robbery and larceny.

Because I do not agree with the reasoning or the conclusion of the majority, I dissent.

In *Roderick Cecil Jones* v. *Commonwealth,* 218 Va. 757, 240 S.E.2d 658, *cert. denied,* 435 U.S. 909 (1978) (No. 77-5728) and 439 U.S. 892 (1978) (No. 77-6543), we analyzed the relationship between larceny and robbery in considerable detail. We concluded that, for purposes of the double jeopardy clauses of the Virginia and United States Constitutions, grand larceny is a lesser-included offense of robbery only if the theft charged in the larceny indictment is the same theft charged in the robbery indictment. 218 Va. at 729, 240 S.E.2d at 660. Because Jones' conviction for grand larceny rested upon the theft of an item not specified in the robbery indictment, we affirmed both convictions.[1]

The principles announced in *Jones* for grand larceny are applicable in this case involving petit larceny. The majority opinion appears to recognize this fact when it notes *Jones'* language that "a robbery indictment includes . . . all elements of whatever larceny offense is charged, whether grand or petit." 221 Va. at 723, 273 S.E.2d at 780-81. Under the standard set forth in *Jones,* petit larceny is a lesser-included offense of robbery if the theft in the larceny indictment is the same theft charged in the robbery indictment.

The resolution of this appeal thus turns upon whether the theft charged in Martin's larceny indictment is the same theft charged in Martin's robbery indictment. The majority opinion concludes that it is not, and I disagree with that conclusion. *Jones* sets forth a clear guide for determining this issue: One must examine the items specified in the indictments.[2] If the items specified in the indictments are the

---

[1] In addition, we noted that the value of the stolen item is an essential element of a grand larceny conviction, whereas it is not an essential element of a robbery charge. 218 Va. at 760, 240 S.E.2d at 661. A strict application of the test set forth in *Blockburger* v. *United States,* 284 U.S. 299, 304 (1932), would thus lead to the conclusion that grand larceny and robbery can never be the "same offense" because both grand larceny and robbery require proof of a fact which the other does not. Since Martin was convicted of petit larceny, not grand larceny, this language in *Jones* is not dispositive of this appeal.

[2] The majority opinion, rather than limiting itself to an examination of the indictments, chooses to discuss whether the items were taken in the same act, as that term is used in Code § 19.2-294, even though the statutory issue was not raised by the appellant. In so doing, the opinion blurs the distinction that we have previously drawn between the "same act" and the "same offense." As the majority notes, "[i]t is the identity of the offense, *and not the act,* which is referred to in the constitutional guaranty against double jeopardy." 221 Va. at 723, 273 S.E.2d at 780, quoting *Epps* v. *Commonwealth,* 216 Va. 150, 153-54, 216 S.E.2d 64, 67 (1975) (Emphasis added in majority opinion).

same, then double jeopardy protections provided by the state and federal constitutions would preclude multiple prosecutions or multiple punishments not intended by the legislature. The *Jones* requirement that the indictments be examined was not arbitrarily selected, but instead rested upon language in decisions of the Supreme Court of the United States: "The precise manner in which an indictment is drawn cannot be ignored, because an important function of the indictment is to ensure that, 'in case any other proceedings are taken against [the defendant] for a similar offense, . . . the record [will] sho[w] with accuracy to what extent he may plead a former acquittal or conviction.' " *Sanabria* v. *United States,* 437 U.S. 54, 65-66 (1978), quoting in part *Cochran* v. *United States,* 157 U.S. 286, 290 (1895).

The grand larceny indictment charged that Martin "unlawfully and feloniously did steal United States monies and currencies having a value of Two Hundred Fifty Dollars ($250.00) belonging to Melvin Davis . . . [and] in the possession of Earl Randolph Griffin." The robbery indictment charged that Martin "unlawfully and feloniously did rob one Earl Randolph Griffin of United States currency and monies having a value of about Two Hundred Fifty Dollars ($250.00)." The robbery indictment does not allege ownership of the money taken, but claims instead that money *in the possession* of Griffin (not necessarily his money) was taken from him by force or intimidation. The larceny indictment specifies the theft of money belonging to Davis but in the possession of Griffin. This allegation in the larceny indictment is entirely consistent with the robbery indictment and does not indicate that monies owned by different persons formed the basis for the two indictments. The evidence abundantly indicated that, at the very most, only $250.00 was taken.[3] The majority recognizes this fact by noting that Griffin, the only person to testify concerning the amount taken, testified the total amount taken was about $250. 221 Va. at 722, 273. S.E.2d at 780.

Perhaps the most novel feature of the majority opinion is the manner in which it discusses the indictments' similarity of the amounts alleged to have been taken. The majority concludes that "[w]ithout a listing of the serial numbers of the bills making up the two amounts, it is impossible to determine from a mere statement of the amounts whether they involve the same or different 'dollars.' " 221 Va. at 725, 273 S.E.2d at 782. The majority thus impliedly renounces an examination of the evidence as a means for determining the duplicity of thefts in

---

[3] The jury rejected even this claim and convicted the defendant of petit larceny, not grand larceny, as charged in the indictment.

the indictments and confines itself to an examination of the indictments only.[4] I fear that two consequences of this language will return to haunt this court at a later date. First, such a holding allows the Commonwealth to obtain convictions for both larceny and robbery, even though the evidence clearly reveals the same money is at issue in both indictments,[5] so long as the indictments themselves do not reveal the duplicity. Second, where the indictments do not specify the serial numbers or provide a description unique to the item stolen, defendants can successfully argue the indictments do not "show with accuracy to what extent he may plead a former acquittal or conviction." *Russell* v. *United States,* 369 U.S. 749, 764 (1962).

For the reasons stated, I would vacate the defendant's conviction for petit larceny and affirm his robbery conviction.

---

[4] This renunciation is not absolute, however. The majority examines the evidence in detail in determining that the theft involved different acts, one of the grounds for its determination that the indictments did not involve the same theft. 221 Va. at 726, 273 S.E.2d at 782.

[5] For example, if both indictments charged the theft of $251.14, it would nevertheless be possible to conjecture two thefts of this amount if serial numbers of the bills are not provided in both indictments. Without resort to the evidence produced at trial, it will not be possible for a defendant to prove that the same theft is at issue in both indictments where serial numbers are not provided in the indictments. Even more problematic are those instances where the stolen items do not bear serial numbers.