# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Valentina Djelebova

January 14, 1999

Case No. (Criminal) 97-472

BY JUDGE EDWARD L. HOGSHIRE

In this criminal action, the Commonwealth seeks to prosecute the Defendant, Valentine Djelebova, for grand larceny. Based on the Defendant's acquittal for robbery in her previous trial, the Defendant has moved to dismiss the charge by claiming a double jeopardy violation. For the reasons more fully articulated below, the Court denies the Defendant's motion to dismiss.

## *Statement of Facts*

Djelebova was charged as an accomplice to Dorian Lester in the murder and robbery of George E. Moody. On September 27, 1997, the grand jury indicted Djelebova on four counts: murder, in violation of Va. Code § 18.2-32; robbery, in violation of Va. Code § 18.2-58; illegal use of a firearm in the commission of a felony, in violation of Va. Code § 18.2-53.1; and grand larceny, in violation of § 18.2-95.

Prior to her original trial, the Defendant moved to quash the larceny indictment on the grounds that it was based on a theory inconsistent with the other charges and that the Defendant could not be convicted of both the larceny and robbery allegations. The Court denied the motion. The Defendant then moved for the Commonwealth to elect to try her on either the murder-firearm-robbery counts or on the grand larceny charge. Judge Swett, previously

of this Court, denied the motion on February 17, 1998, but held that once the Commonwealth explained its theories of prosecution, a motion to sever might be appropriate. The Defendant later renewed her motion to elect, which was granted by Judge Lumpkin on June 9, 1998.

The Commonwealth chose to proceed first to trial on the murder, illegal use of a firearm, and robbery charges. The Defendant was acquitted of these charges on July 1, 1998, but was convicted of being an accessory after the fact to the robbery.

## Question Presented

Does either the Double Jeopardy Clause or Va. Code § 19.2-294 preclude the Commonwealth from prosecuting the Defendant for larceny after her acquittal of robbery and her conviction as an accessory after the fact to the same robbery?

## Discussion of Authorities

## I. *Double Jeopardy*

The Double Jeopardy Clauses of the United States and Virginia constitutions prohibit trying a person twice for the same offense. U.S. Const., amend. V; Va. Const., art. I, § 8. "These clauses apply when (1) the two offenses involved are identical, (2) the former offense is lesser-included in the subsequent offense, and (3) the subsequent offense is lesser-included in the former offense." *Martin v. Commonwealth*, 221 Va. 720, 722 (1981). The Defendant claims that the robbery and larceny are essentially identical offenses in this case; she also argues that petty larceny is a lesser-included offense of robbery, and since petty larceny is also a lesser-included offense of grand larceny, prosecution under the latter theory is barred.

## A. *Waiver*

Before addressing the Defendant's contentions, it is necessary to discuss briefly the Commonwealth's argument that the Defendant waived her double jeopardy protection by requiring the Commonwealth to elect. Relying on *Jeffers v. United States*, 432 U.S. 137 (1977), the Commonwealth asserts that the Defendant cannot now raise a double jeopardy claim after moving for an election before the original trial. *Jeffers* holds that "[i]f the defendant expressly

asks for separate trials on the greater and the lesser offenses, or, in connection with his opposition to trial together, fails to raise the issue that one offense might be a lesser included offense of the other, another exception to the *Brown* rule emerges." *Id.* at 152. Consequently, "there is no violation of the Double Jeopardy Clause when he elects to have the two offenses tried separately and persuades the trial court to honor his election." *Id.*

Had the Court stopped at that point, the Commonwealth's argument would be well taken. However, it created an exception to that rule when a defendant is faced with a "Hobson's choice between asserting the Sixth Amendment fair trial right and asserting the Fifth Amendment double jeopardy claim." *Id.* at 153, n. 21. The Supreme Court in *Jeffers* found the defendant's claim regarding the tension between Fifth and Sixth Amendment rights was "illusory." *Id.*

In this case, however, the Defendant quite likely faced the Hobson's choice to which the Supreme Court alluded. If the Commonwealth had been permitted to prosecute all four charges in a single trial, the Defendant may have been unable to defend adequately the larceny charges because to do so might implicate her in the other crimes. For those reasons, both Judge Swett and Judge Lumpkin were apparently wary of prejudice to her rights in trying all of the counts together. This court concludes that based on the threat of jeopardizing Sixth Amendment guarantees, the Defendant did not waive her Fifth Amendment rights by requiring the Commonwealth to elect.

## B. *The Brown Argument*

The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (citations omitted). The Defendant claims that a prosecution for larceny would be barred because she has already been acquitted for robbery.

The Defendant's argument is grounded on the Supreme Court's decision in *Brown v. Ohio*, 432 U.S. 161 (1977), where it concluded that "a lesser included and a greater offense are the same" for double jeopardy purposes. *Id.* at 166, n. 6. The Virginia Supreme Court has made clear "that for the purposes of the double jeopardy clauses, grand larceny is a lesser-included offense of robbery *only when it is the theft expressly charged in the robbery indictment.*" *Jones v. Commonwealth*, 218 Va. 757, 759 (1978) (emphasis supplied). The Commonwealth did not charge the larceny offense in the robbery indictment.

Therefore, under the *Jones* rule, grand larceny is not a lesser-included offense of robbery in this case.

The Defendant, however, takes a further leap with the *Brown* analysis. She argues that because petty larceny is a lesser-included offense of robbery and it is also a lesser-included offense of grand larceny, then *Brown* precludes a trial of grand larceny. Although this argument may appear to be a logical extension of the *Brown* court's reasoning, the Defendant can cite no cases that would extend the *Brown* rationale that far. In fact, a closer examination of *Brown* actually undermines the Defendant's position.

In *Brown*, the defendant was first convicted of joyriding and, subsequently, the prosecution brought charges for auto theft. The Court held that the conviction for joyriding (the lesser-included offense) barred a prosecution for auto theft (the greater offense). In so holding, the Court emphasized the similarity between the lesser-included and greater offenses: "The prosecutor who has established joyriding need only prove the requisite intent in order to establish auto theft; the prosecutor who has established auto theft necessarily has established joyriding as well." *Brown*, 432 U.S. at 167. The Supreme Court subsequently observed in *Garrett v. United States*, 471 U.S. 773 (1985), that *Brown* presented "the classically simple situation" where "[e]very minute that Nathaniel Brown drove or possessed the stolen automobile he was simultaneously committing both the lesser-included misdemeanor and the greater felony." *Id.*, at 789. The Court's revisiting of *Brown* in *Garrett* suggests that its equation of lesser and greater offenses is limited in more complex cases.

This case does not present the "simple situation" occurring in *Brown*. Under the prosecution's theory in the present case, Djelebova was not "simultaneously committing" both robbery and larceny. Although a conviction for robbery would necessarily include a finding of petty larceny, such a finding does not necessarily include a grand larceny violation as well. *See Jones*, 218 Va. at 759. Furthermore, as the following section indicates, the grand larceny and robbery charges are premised on separate and distinct acts. If the Commonwealth can prove that Djelebova received and transported the stolen goods from Lester, then she would only be committing larceny and not robbery. This illustrates the underlying problem with the Defendant's argument; she attempts to use the *Brown* rule to preclude a prosecution based on different and subsequent acts. Such a reading of *Brown* would render its application virtually limitless.

Furthermore, subsequent Supreme Court authority militates against the two-step expansion of *Brown* advocated here by the Defendant. Indeed, in the

absence of any authority supporting the Defendant's theory, the Court cannot sanction it in light of a plain reading of *Brown* and post-*Brown* authorities. *See also United States v. McHan*, 966 F.2d 134, 140-41 (4th Cir. 1992); *United States v. Rosenberg*, 888 F.2d 1406, 1443 (D.C. Cir. 1989) (recognizing *Garrett* as a possible limitation on *Brown*.)

Even if the Defendant's *Brown*-based theory was supportable, it would nevertheless fail upon an application of it to the facts of this case. For the purposes of Djelebova's original trial, the Commonwealth apparently treated all larceny counts as severed from the robbery charge. The jury was accordingly not instructed on the lesser-included offense of petty larceny. The Defendant also did not request an instruction on the lesser-included offense of petty larceny. The only lesser-included offense of robbery presented to the jury was contained in an instruction for accessory after the fact. *Jury Instructions Transcript*, 11-12 (June 30, 1998). Therefore, there was no "implicit acquittal" of the petty larceny charges as the Defendant asserts because petty larceny was simply not considered by the jury.

## C. *Whether the Offenses Are the Same*

The Defendant's alternative double jeopardy argument is premised on the notion that the robbery and larceny offenses are identical. The Defendant stresses the fact that the property which is the subject of both violations is the same (i.e., Mr. Moody's jewels) and that there was only one taking of this property.

In order for the larceny and robbery to be treated the same for double jeopardy purposes, "[t]he larceny … must be based on the same theft as that which underlies the robbery. If not, the larceny and the robbery are based on 'distinct and separate acts' and conviction of one does not bar conviction of the other." *Clayton Motors v. Commonwealth*, 14 Va. App. 470, 472 (1992) (citing *Martin*, 221 Va. at 726). The Court of Appeals suggested in *Clayton Motors* that whether the robbery and larceny are based on the same theft could be determined by comparing the indictments, but that if that proved inconclusive, then an examination of the evidence would be warranted. *Id.* at 472-73.

The indictments returned against Djelebova do not contain enough specifics to provide for a helpful comparison. Therefore, the Court turns to the evidence. In Djelebova's original trial, the Commonwealth attempted to prove that she and Lester robbed Moody at his house. By contrast, the prosecution's theory in the larceny case is based on the Defendant's asportation of the jewels

after Lester's robbery. *See Letter from the Commonwealth to Defense Counsel* (May 26, 1998). The Commonwealth is certainly free to pursue a theory of larceny based on the receipt of goods known to have been stolen. *See Cabbler v. Commonwealth*, 212 Va. 520, 524 (1971).

"Because larceny is a continuing offense, anyone who knows that personal property is stolen and assists in its transportation or disposition is guilty of larceny." *Moehring v. Commonwealth*, 223 Va. 564, 568 (1982). Therefore, although both the robbery and larceny charges are premised on the same initial theft, they are also based on separate and distinct acts, i.e., the robbery of Moody and the transportation or disposition of stolen property. As a result, the Double Jeopardy Clause does not bar the pending prosecution of Djelebova.

## II. *Va. Code § 19.2-294*

The Virginia Code prohibits multiple convictions of separate crimes for the same act:

> If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others.

Va. Code § 19.2-294 (1987). Although this statutory provision may sometimes overlap with the protection afforded by the Double Jeopardy Clause, Virginia courts have recognized that § 19.2-294 and the Double Jeopardy Clause are not synonymous. *See, e.g., Wade v. Commonwealth*, 9 Va. App. 359, 365 (1990) ("Code § 19.2-294 speaks to 'acts' of the accused, not elements of the offense."). Furthermore, since § 19.2-294 only bars prosecutions after a conviction, *Hall v. Commonwealth*, 14 Va. App. 892 (1992) (en banc), the Defendant can only ground this statutory claim on her conviction as an accessory after the fact in the robbery.

In *Wade*, the Court of Appeals held that the single act of the defendant's firing a shot at a police officer gave rise to two different violations: obstruction of justice and attempted capital murder. Consequently, after the defendant had been convicted of obstruction of justice, § 19.2-294 barred a subsequent prosecution for attempted capital murder. *Wade*, 9 Va. App. at 356.

In this case, by contrast, a single act has not violated two different statutory proscriptions. Djelebova was convicted previously as an accessory after the fact to robbery, which includes the following elements: (1) some

person other than the defendant committed a robbery, (2) the defendant knew that other person committed the robbery, and (3) the defendant comforted, relieved, hid, or assisted the person who committed the robbery with the intent of helping that person escape or delay capture or punishment. *See Jury Instructions Transcript*, 11. Consequently, the Defendant's conduct in aiding Lester led to her conviction. This conduct does not give rise to a larceny violation; rather, the requisite conduct necessary to convict the Defendant for larceny includes the "taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intent to deprive the owner thereof permanently." *Graves v. Commonwealth*, 21 Va. App. 161, 164 (1995), *aff'd on rehearing en banc*, 22 Va. App. 262 (1996). Accordingly, the conduct required to convict for being an accessory after the fact to robbery and that required to convict for larceny are distinct, and thus this case does not implicate § 19.2-294. Where "the acts are different, the statutory mandate [of § 19.2-294] does not apply." *Jones*, 218 Va. at 761.

### III. *Autrefois Convict/Autrefois Acquit*

The Defendant also raises the doctrine of autrefois convict/autrefois acquit in her brief. As the Defendant acknowledges, however, "[t]his plea is generally recognized as being subsumed within the Double Jeopardy Clause." *Highsmith v. Commonwealth*, 25 Va. App. 434, 444 (1997). The Defendant makes no argument expressly styled as *autrefois convict/autrefois acquit* but rather relies solely on her previously-made double jeopardy arguments. For the same reasons that the Court declined to accept the Defendant's double jeopardy and § 19.2-294 arguments, the Court likewise rejects the Defendant's *autrefois convict/autrefois acquit* theories.

### IV. *Collateral Estoppel*

The parties have agreed to delay raising this issue until the time of trial, and therefore, the Court need not address it at this time.

### Conclusion

For the above-stated reasons, the Defendant's motion to dismiss is denied.