COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Elder and Senior Judge Willis
Argued at Chesapeake, Virginia


RONALD ARTHUR THARRINGTON
                                                        OPINION BY
v.        Record No. 1573-10-1                 JUDGE LARRY G. ELDER
                                                      SEPTEMBER 27, 2011
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                            Bruce H. Kushner, Judge

            Robert E. Kowalsky, Jr. (Law Office of Robert Kowalsky, on
            brief), for appellant.

            Virginia B. Theisen, Senior Assistant Attorney General
            (Kenneth T. Cuccinelli, II, Attorney General, on brief), for
            appellee.


        Ronald Arthur Tharrington (appellant) was convicted in a jury trial of grand larceny in

violation of Code § 18.2-95 and larceny with intent to sell or distribute in violation of Code

§ 18.2-108.01.[1]  On appeal, appellant argues the trial court erred in failing to dismiss the

indictments for grand larceny and larceny with intent to sell or distribute because conviction for

both offenses stemming from one course of conduct constitutes double jeopardy.  Because the

General Assembly clearly and unambiguously intended that each statutory offense be punished

separately, no double jeopardy violation occurred, and we affirm appellant's convictions.

---

        [1] Appellant was also convicted of statutory burglary but does not challenge the validity of
that conviction.

I.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). So viewed, the evidence establishes that appellant's convictions stem from the burglary of the residence of Travis Dallos and Tara Black. On January 8, 2009, Dallos and Black returned home and discovered the back door to the residence standing open and shattered glass "all over the place." Among the items missing from the residence was a PlayStation 3 game console worth $400.

The shift manager of a local pawn shop testified that on January 8, 2009, the same day as the burglary at Dallos's and Black's residence, appellant entered the store and attempted to obtain a loan on a PlayStation 3. Appellant presented identification and filled out the required paperwork in order to collect $100. The form reflected that he owned the game console and had the right to pawn it. At an undisclosed later time, appellant returned to the pawn shop and sold the game console for an additional $150. Upon his arrest, appellant admitted to pawning the game console, but insisted he did not break into Dallos's and Black's residence. At his trial, appellant testified that he obtained the game console from his housemate and gave him the proceeds from the pawn shop.

Appellant filed a pretrial motion to dismiss the indictments for grand larceny and larceny with intent to sell or distribute, contending Code § 18.2-108.01 "is unconstitutional on its face or in application to the facts of this prosecution." At trial, appellant renewed his objection on double jeopardy grounds, arguing "the constitutional protection of double jeopardy would prevent him being convicted and punished twice for what is essentially the same crime" even though "it may have a separate element." Appellant reasoned that "you can[not] convict

- 2 -

someone twice . . . for stealing the same item just because they may have had a different intent." The trial court denied the motion, holding "the legislature has deemed that [the crime of larceny with intent to sell or distribute] is a separate and distinct crime with a separate intent." A jury subsequently found appellant guilty of statutory burglary, grand larceny, and larceny with intent to sell. This appeal followed.

## II.

## ANALYSIS

Appellant argues convicting him of both grand larceny and larceny with intent to sell or distribute violates double jeopardy principles because he was punished twice for essentially the same conduct. Appellant compares the dual convictions imposed here with a situation in which a defendant is prosecuted for both simple possession of contraband and possession with intent to distribute. Simultaneous conviction for both crimes is allowed only "if each offense is based upon a distinguishable incident of the offending conduct." Peake v. Commonwealth, 46 Va. App. 35, 40, 614 S.E.2d 672, 676 (2005). Appellant contends his instant convictions do not meet this test because the theft of the PlayStation 3 cannot be divided into separate incidents of wrongdoing and, therefore, he was unconstitutionally subjected to multiple punishments. To that end, appellant further argues that the "proper interpretation of [Code §] 18.2-108.01 should be that it constitutes an enhanced punishment if the larceny is for sale or distribut[ion], not that it constitutes a separate additional crime."[2]

---

[2] The Commonwealth contends this argument is procedurally barred under Rule 5A:18 because appellant did not specifically object on those grounds at trial. We disagree. In making his double jeopardy objection, appellant necessarily implied that grand larceny was a lesser-included offense because "the double jeopardy defense does not apply unless (a) the defendant is twice punished for one criminal act, *and* (b) the two punishments are either for the same crime or *one punishment is for a crime which is a lesser included offense of the other.*" Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001) (second emphasis added).

- 3 -

"The double jeopardy clauses of the United States and Virginia Constitutions provide that no person shall be put twice in jeopardy for the same offense." Martin v. Commonwealth, 221 Va. App. 720, 722, 273 S.E.2d 778, 780 (1981). "This constitutional provision guarantees protection against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." Payne v. Commonwealth, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999). "In the single-trial setting, 'the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.'" Blythe v. Commonwealth, 222 Va. 722, 725, 284 S.E.2d 796, 798 (1981) (quoting Brown v. Ohio, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225, 53 L. Ed. 2d 187, 194 (1977)).

> "When considering multiple punishments for a single transaction, the controlling factor is legislative intent." Kelsoe v. Commonwealth, 226 Va. 197, 199, 308 S.E.2d 104, 104 (1983). The legislature "may determine the appropriate 'unit of prosecution' and set the penalty for separate violations." Jordan [v. Commonwealth], 2 Va. App. [590,] 594, 347 S.E.2d [152,] 154 [(1986)]. Therefore, although multiple offenses may be the "same," an accused may be subjected to legislatively "authorized cumulative punishments." Id. "It is judicial punishment in excess of legislative intent which offends the double jeopardy clause." Shears [v. Commonwealth], 23 Va. App. [394,] 401, 477 S.E.2d [309,] 312 [(1996)].

Lane v. Commonwealth, 51 Va. App. 565, 577, 659 S.E.2d 553, 558 (2008). "In reviewing a double jeopardy claim, or a claim based on statutory interpretation, this Court shall conduct a *de novo* review." Davis v. Commonwealth, 57 Va. App. 446, 455, 703 S.E.2d 259, 263 (2011).

This Court must determine the General Assembly's intent from the words contained in the statutes. Washington v. Commonwealth, 272 Va. 449, 455, 634 S.E.2d 310, 313 (2006); see Burke v. Commonwealth, 29 Va. App. 183, 188, 510 S.E.2d 743, 745-46 (1999) ("[W]e

- 4 -

presume that . . . the legislature 'acted with full knowledge of and in reference to the existing law upon the same subject and the construction placed upon it by the courts.'" (quoting City of Richmond v. Sutherland, 114 Va. 688, 693, 77 S.E. 470, 472 (1913))). Clearly, the language in Code § 18.2-108.01(C) stating that "[a] violation of this section constitutes a separate and distinct offense" expresses the legislative intent to authorize the imposition of multiple punishments in conjunction with other larceny statutes such as Code § 18.2-95. See Payne v. Commonwealth, 277 Va. 531, 539, 674 S.E.2d 835, 839 (2009) (holding that the plain language of Code § 18.2-36.1(C) allows for the convictions of both aggravated involuntary manslaughter and felony murder in a single trial). Because the legislative intent is unambiguous, we need not determine whether Code §§ 18.2-95 and -108.01 each require proof of a fact which the other does not.[3] Accordingly, appellant's convictions for larceny with intent to sell or distribute and grand larceny do not violate his double jeopardy rights.

---

[3] This test, known as the Blockburger rule, dictates that when "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each [offense charged] requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306, 309 (1932). "This test emphasizes the elements of the two crimes. 'If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.'" Brown, 432 U.S. at 166, 97 S. Ct. at 2226, 53 L. Ed. 2d at 194 (quoting Iannelli v. United States, 420 U.S. 770, 785 n.17, 95 S. Ct. 1284, 1293 n.17, 43 L. Ed. 2d 616, 627 n.17 (1975)). "In applying the Blockburger test, we look at the offenses charged in the abstract, without referring to the particular facts of the case under review." Coleman, 261 Va. at 200, 539 S.E.2d at 734. "[T]he Blockburger rule is not controlling when the legislative intent is clear from the face of the statute or the legislative history." Garrett v. United States, 471 U.S. 773, 779, 105 S. Ct. 2407, 2411, 85 L. Ed. 2d 764, 771 (1985); see Andrews v. Commonwealth, 280 Va. 231, 284, 699 S.E.2d 237, 267 (2010) (noting that the Blockburger test "is not the sole, or in many cases, the primary tool of statutory construction used to determine [legislative] intent").

III.

CONCLUSION

The plain language of Code § 18.2-108.01(C) clearly and unambiguously expresses the

General Assembly's intent to permit multiple punishments under Code §§ 18.2-95 and -108.01.

Accordingly, no double jeopardy violation occurred, and we affirm appellant's convictions.

<u>Affirmed.</u>