COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Humphreys and Huff
Argued at Richmond, Virginia

UNPUBLISHED

DONALD WILLIAM HALL, II

MEMORANDUM OPINION[*] BY
v.      Record No. 1731-11-2          JUDGE GLEN A. HUFF
                                      OCTOBER 2, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Harold W. Burgess, Jr., Judge

Anthony N. Sylvester (Law Offices of Anthony N. Sylvester, on
brief), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Donald William Hall, II ("appellant") appeals his conviction of felony eluding, in

violation of Code § 46.2-817(B). Following a bench trial in the Circuit Court of Chesterfield

County ("trial court"), appellant was sentenced to five years in prison, with four years

suspended. On appeal, appellant contends that the trial court erred in (1) finding the evidence

sufficient to sustain the conviction; (2) finding that Code § 19.2-294 did not bar his prosecution

for felony eluding due to his prior conviction of reckless driving arising from the same incident;

and (3) finding that the Double Jeopardy Clause did not bar his punishment for felony eluding on

the same basis. For the following reasons, we affirm the judgment of the trial court.

I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

At approximately 7:00 p.m. on October 3, 2010, J.E. Rocklein ("Rocklein"), an officer with the Chesterfield County Police Department, was stopped at a traffic light in his police cruiser when he observed a 1978 black Chevrolet Corvette pass through the intersection in front of him.  Earlier in the evening, Rocklein had received a radio transmission informing all officers to "be on the look[-]out" for a Corvette fitting that description that had been reported stolen by appellant's wife.  Rocklein recognized appellant as the driver because, in the previous week, Rocklein had gone to appellant's residence to assist with a probation visit and had noticed a 1978 black Corvette outside of the residence at that time.  Based on this information, Rocklein activated his emergency lights and siren and began to pursue the Corvette.

As Rocklein pursued the Corvette, he saw it turn into a gas station at a normal rate of speed, then continue into an adjacent parking lot.  As the Corvette entered the parking lot, it "fishtailed a little bit, accelerated," and then abruptly turned back onto the road without stopping or slowing down first.  Rocklein observed several other vehicles "brake or stop suddenly" as the Corvette re-entered the road.  At that point, Rocklein deactivated his emergency lights and siren for public safety purposes, but continued to follow the Corvette.

Maintaining "a clear and unobstructed view" of the Corvette, Rocklein followed and observed the Corvette run a red light at an intersection, causing several other vehicles to brake to avoid a collision.  The Corvette then continued a short distance up the road, "veer[ed] off the roadway," and "wrecked onto the side of the road, . . . hitting a fence and a utility pole."  Rocklein approached the scene and "saw a gentleman standing next to the pole," who "was later identified as a passenger in the vehicle . . . ."  Appellant, however, was not at the scene.

- 2 -

Based on these events, appellant was charged with felony eluding, in violation of Code § 46.2-817(B), felony driving after having been adjudged a habitual offender, in violation of Code § 46.2-357(B)(2), and misdemeanor reckless driving, in violation of Code § 46.2-852. On November 4, 2010, appellant pleaded guilty to the reckless driving charge in the Chesterfield County General District Court ("general district court"). The general district court convicted him of reckless driving, dismissed the driving after having been adjudged a habitual offender charge on double jeopardy grounds,[1] and certified the felony eluding charge to a grand jury of the trial court. Following a bench trial on February 2, 2011, the trial court concluded that appellant's conduct while driving "was part and parcel of one act" and convicted him of felony eluding.[2]

On June 16, 2011, the trial court conducted a hearing on appellant's post-trial motion to reconsider and motion to dismiss. The basis for appellant's motion to reconsider was to challenge the sufficiency of the evidence to sustain his conviction on the ground that the endangerment element of the felony eluding statute was not met. The basis for appellant's motion to dismiss was that Code § 19.2-294 and the Double Jeopardy Clause barred the prosecution and punishment for felony eluding because felony eluding required proof of reckless driving, of which he had already been convicted in general district court. The trial court denied the motion to reconsider, stating:

---

[1] The Commonwealth subsequently direct indicted appellant on the driving after having been adjudged a habitual offender charge. Appellant underwent a trial on this charge in conjunction with the felony eluding charge.

[2] At the conclusion of all of the evidence, appellant made a motion to strike on the grounds that (1) Rocklein's identification of him as the driver was inadequate to support either conviction; and (2) double jeopardy principles precluded his conviction of driving after having been adjudged a habitual offender given that the language of the habitual offender statute contained the same language as the reckless driving statute, thus rendering reckless driving a lesser-included offense. The trial court denied appellant's motion with regard to the sufficiency of the evidence argument and granted the motion with regard to the double jeopardy argument. Accordingly, the trial court acquitted appellant of the driving after having been adjudged a habitual offender charge.

I[ ha]ve got evidence, not only that he went into the parking lot
when the officer saw him and then he accelerated in the parking
lot, fishtailed in the parking lot. Leaves the parking lot. Does[
]n[o]t stop before he enters the highway. Cars have to put on their
brakes suddenly to stop to avoid him.

The trial court, however, took the motion to dismiss under advisement and instructed both parties
to brief the issues regarding the application of the constitutional and statutory double jeopardy
bars. The case was continued until August 2, 2011, at which time the trial court denied the
motion to dismiss and proceeded to sentencing. This appeal followed.

## II. ANALYSIS

### A. Sufficiency of the Evidence: Felony Eluding

On appeal, appellant first contends the trial court erred in finding the evidence sufficient
to support his conviction. Specifically, appellant argues the Commonwealth failed to prove that
his conduct endangered a person or the operation of a law enforcement vehicle, as required to
sustain a conviction under Code § 46.2-817(B).[3]

"When considering on appeal the sufficiency of the evidence presented below, we
'presume the judgment of the trial court to be correct' and reverse only if the trial court's
decision is 'plainly wrong or without evidence to support it.'" Wood v. Commonwealth, 57
Va. App. 286, 296, 701 S.E.2d 810, 815 (2010) (quoting Davis v. Commonwealth, 39 Va. App.
96, 99, 570 S.E.2d 875, 876-77 (2002)). Under this standard, "we are not permitted to reweigh
the evidence." Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007) (citation

---

[3] On appeal, appellant also challenges the sufficiency of the evidence to prove his
conduct was "willful and wanton." In his motion to reconsider, however, appellant conceded
that the evidence was sufficient to convict him of misdemeanor eluding. "Under settled
principles, a criminal defendant cannot 'approbate and reprobate by taking successive positions
in the course of litigation that are either inconsistent with each other or mutually contradictory.'"
Alford v. Commonwealth, 56 Va. App. 706, 709, 696 S.E.2d 266, 267 (2010) (quoting Rowe v.
Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009)). Because "willful and wanton"
conduct is required of both the misdemeanor and felony offenses of eluding, we thus decline to
address appellant's argument with regard to this element of the offense.

omitted).  Instead, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Code § 46.2-817(B) provides:

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person is guilty of a Class 6 felony.

"To 'endanger' is to 'expose to danger, harm, or loss.'"  Coleman v. Commonwealth, 52 Va. App. 19, 24, 660 S.E.2d 687, 690 (2008) (quoting Webster's New World Dictionary 448 (3d coll. ed. 1988); The American Heritage Dictionary 452 (2d coll. ed. 1982)).  "The object of the endangerment can be the driver himself, the police officer, or anyone else on the road that could be put at risk from the driver's eluding."  Id. (citation omitted).  "That the exposure to danger does not result in any actual harm is a welcome fortuity, but not a legal defense."  Id.  Rather, "conduct that raises the *specter* of endangerment is the evil contemplated and proscribed by the statute."  Tucker v. Commonwealth, 38 Va. App. 343, 347, 564 S.E.2d 144, 146 (2002) (emphasis added); see Coleman, 52 Va. App. at 25, 660 S.E.2d at 690 (affirming the felony eluding conviction despite that Coleman "did not actually run into another vehicle or a pedestrian . . . or, for that matter, make a specific maneuver causing him or someone else to be 'actually imperiled' by an imminent collision" (quoting Tucker, 38 Va. App. at 347, 564 S.E.2d at 146)); see also Gray v. Commonwealth, 50 Va. App. 513, 517, 651 S.E.2d 400, 402 (2007) (affirming the felony eluding conviction where Gray "cut off other vehicles," in addition to various other movements made for the purpose of evading police officers, but "did not exceed the speed limit").

The evidence in this case was sufficient to support appellant's conviction. Appellant failed to comply with Rocklein's signal to stop, and instead continued driving into a gas station and adjacent parking lot. Appellant then "fishtailed" in the lot, accelerated his vehicle, and abruptly merged onto a main road without slowing down for approaching vehicles. Still in pursuit, Rocklein observed the other vehicles "brake or stop suddenly" to avoid colliding with appellant's vehicle. Considering appellant's conduct during the time that Rocklein had his emergency lights and siren activated, the evidence was sufficient to prove that appellant endangered the officer, himself, and the occupants of the other vehicles in proximity to him.

The Commonwealth further asserts that our analysis should take into account appellant's driving after Rocklein deactivated his emergency equipment given that "nothing in the language of Code § 46.2-817 requires that the officer's signal to stop must be ongoing, or simultaneous with the driver's actual stop."[4] Based on this assertion, the Commonwealth argues that appellant's failure to stop at a red light and subsequent collision into a utility pole further supports his conviction of felony eluding. Appellant, however, contends the felony eluding statute requires that the signal to stop remain ongoing; thus, appellant requests that we distinguish his conduct that occurred while Rocklein's emergency equipment was activated from his conduct that occurred after the lights and siren had been deactivated. Notwithstanding this argument, the evidence of appellant's conduct during Rocklein's initial pursuit (while lights and siren were activated) is sufficient to sustain the conviction. See Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (providing that "an appellate court decides cases 'on the best and narrowest ground available'" (quoting Air Courier Conference v. Am. Postal

---

[4] Indeed, counsel for appellant conceded on rebuttal that should this Court find the officer's emergency equipment need not remain activated, then appellant was lawfully convicted.

Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring))). Therefore, we hold the evidence was sufficient to convict appellant of felony eluding.

## B. Code § 19.2-294

Appellant also contends the trial court erred in finding that Code § 19.2-294 did not bar his prosecution for felony eluding due to his prior conviction of reckless driving arising from the same incident.

"'In reviewing a double jeopardy claim, or a claim based on statutory interpretation, this Court shall conduct a *de novo* review.'" Tharrington v. Commonwealth, 58 Va. App. 704, 710, 715 S.E.2d 388, 390 (2011) (quoting Davis v. Commonwealth, 57 Va. App. 446, 455, 703 S.E.2d 259, 263 (2011)).

Code § 19.2-294 provides, in relevant part:

> If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others.

"'Like the Fifth Amendment bar of former jeopardy, Code § 19.2-294 prevents the Commonwealth from subjecting an accused to the hazards of vexatious, multiple prosecutions.'" Londono v. Commonwealth, 40 Va. App. 377, 393, 579 S.E.2d 641, 648 (2003) (quoting Phillips v. Commonwealth, 257 Va. 548, 551-52, 514 S.E.2d 340, 342 (1999)). Contrary to the constitutional double jeopardy bar, however, "the prohibition of Code § 19.2-294 'is dependent upon the identity of the act,' rather than the identity of the offense." Id. at 393, 579 S.E.2d at 649 (quoting Lash v. Cnty. of Henrico, 14 Va. App. 926, 930, 421 S.E.2d 851, 853 (1992) (en banc)). "In other words, Code § 19.2-294 'speaks to acts of the accused, not elements of the offense.'" Id. (quoting Wade v. Commonwealth, 9 Va. App. 359, 365, 388 S.E.2d 277, 280 (1990)).

- 7 -

Moreover, "[b]y its terms, the statute only bars 'prosecutions or proceedings' after there has been a 'conviction.' A 'prosecution or proceeding' after a 'conviction,' by definition requires multiple or successive proceedings or prosecutions." Slater v. Commonwealth, 15 Va. App. 593, 595, 425 S.E.2d 816, 817 (1993) (quoting Hall v. Commonwealth, 14 Va. App. 892, 897, 421 S.E.2d 455, 459 (1992) (en banc)). "Many circumstances may determine the time within which criminal charges are concluded. It is the time of *institution* which determines whether multiple charges are simultaneous or successive." Id. at 596, 425 S.E.2d at 817 (emphasis added). Thus, "[w]here charges are brought simultaneously, the amenability of one to early conclusion while the other requires further proceedings, does not alter the fact that the proceedings are concurrent, not successive, prosecutions." Id. at 595, 425 S.E.2d at 817 (citing Freeman v. Commonwealth, 14 Va. App. 126, 129, 414 S.E.2d 871, 873 (1992)).

Under these principles, "where felony and misdemeanor charges . . . are heard simultaneously in a single proceeding, they are part of a single prosecution, even though jurisdictional limitations necessitate that they be concluded in different courts." Phillips v. Commonwealth, 27 Va. App. 674, 680-81, 500 S.E.2d 848, 851 (1998) (holding that, even though Phillips' felony and misdemeanor charges based on the same act of distributing narcotics were instituted on different dates, they constituted a "single prosecution" in that one evidentiary hearing was conducted for both charges), aff'd, 257 Va. 548, 514 S.E.2d 340 (1999); see Slater, 15 Va. App. at 596, 425 S.E.2d at 817 (holding that Slater's felony driving after having been declared a habitual offender charge, though "requir[ing] extended proceedings," was simultaneous to his misdemeanor driving while under the influence of alcohol charge because both charges were "lodged simultaneously"); see also Freeman, 14 Va. App. at 128-29, 414 S.E.2d at 873 (holding that Freeman's circuit court trial for burglary was not a "successive" prosecution to his trial for petit larceny in juvenile and domestic relations district court arising

- 8 -

from the same act given that "[t]he burglary and larceny charges were instituted simultaneously by the issuance of warrants which were brought together for hearing in the juvenile and domestic relations district court").

In this case, the arrest warrants for reckless driving and felony eluding were issued on the same date, and both charges were set for hearing in the general district court on November 4, 2010. Following the hearing, the judge accepted appellant's plea of guilty to reckless driving and certified the felony eluding charge to a grand jury of the trial court. Thus, similar to Freeman, Slater, and Phillips, the misdemeanor and felony charges in the present case were brought in a "single proceeding" which, due to the jurisdictional constraints upon the general district court, required resolution both in that court and in the trial court. Phillips, 27 Va. App. at 680, 500 S.E.2d at 851. For this reason, the trial on the felony eluding charge constituted a simultaneous, not successive, prosecution because it was "merely a continuation of the same prosecution [initiated in the general district court]." Phillips, 257 Va. at 553, 514 S.E.2d at 343. Accordingly, we hold the trial court did not err in finding that Code § 19.2-294 did not bar appellant's prosecution for felony eluding.

### C. Double Jeopardy

Lastly, appellant contends the trial court erred in finding that double jeopardy did not bar his punishment for felony eluding due to his prior conviction of reckless driving arising from the same incident.[5]

As noted above, we review double jeopardy issues *de novo*. Tharrington, 58 Va. App. at 710, 715 S.E.2d at 390 (citation omitted). "'The double jeopardy clauses of the United States

---

[5] We note, however, that "if an accused is prosecuted for multiple offenses based upon distinct and separate acts, the offenses would be neither identical nor lesser-included for double jeopardy purposes." Martin v. Commonwealth, 221 Va. 720, 723, 273 S.E.2d 778, 780 (1981). Here, the trial court found that appellant's conduct while driving was "part and parcel of one act."

and the Virginia Constitutions provide that no person shall be put twice in jeopardy for the same offense.'" Id. at 709, 715 S.E.2d at 390 (quoting Martin, 221 Va. at 722, 273 S.E.2d at 780). "'This constitutional provision guarantees protection against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.'" Id. (quoting Payne v. Commonwealth, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999)). Having already determined that the trial on the felony eluding charge did not constitute a successive prosecution, we limit our inquiry to whether appellant received multiple punishments for the same offense. E.g., Dalo v. Commonwealth, 37 Va. App. 156, 162 n.2, 554 S.E.2d 705, 708 n.2 (2001).

"To determine whether two charges constitute the same offense, we must consider the rule enunciated in Blockburger [v. United States], 284 U.S. [299,] 304 [(1932)]." Davis, 57 Va. App. at 455, 703 S.E.2d at 263. "'[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" Id. at 455-56, 703 S.E.2d at 263 (alteration in original) (quoting Blockburger, 284 U.S. at 304). "It is the identity of the offense, and not the act, which is referred to in the constitutional guaranty against double jeopardy." Epps v. Commonwealth, 216 Va. 150, 153-54, 216 S.E.2d 64, 67 (1975) (citation omitted). Thus, "'[i]n applying the Blockburger test, we look at the offenses charged in the abstract, without referring to the particular facts of the case under review.'" Davis, 57 Va. App. at 456, 703 S.E.2d at 264 (quoting Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001)).

We note at the outset that, even assuming the two offenses were the same under Blockburger, this in itself would not preclude multiple punishments. "'[T]he question whether punishments imposed by a court after a defendant's conviction upon criminal charges are

unconstitutionally multiple cannot be resolved without determining what punishments the [l]egislative [b]ranch has authorized.'" Andrews v. Commonwealth, 280 Va. 231, 279, 699 S.E.2d 237, 264-65 (2010) (first alteration in original) (quoting Albernaz v. United States, 450 U.S. 333, 344 (1981)). In making this determination, we consider "whether '[t]he General Assembly has clearly indicated its intent to impose multiple punishments' for the defendant's conduct." Id. at 279, 699 S.E.2d at 265 (alteration in original) (quoting Turner v. Commonwealth, 221 Va. 513, 530, 273 S.E.2d 36, 47 (1980)). "In some cases, the legislative intent to impose multiple punishments is unambiguous because the statute in question makes that intent clear." Id.

In keeping with these principles, we have held that where a statute provides, "'[a] violation of this section constitutes a separate and distinct offense,'" such language "expresses the legislative intent to authorize the imposition of multiple punishments in conjunction with other . . . statutes . . . ." Tharrington, 58 Va. App. at 710, 715 S.E.2d at 391 (alteration in original) (quoting Code § 18.2-108.01(C)). Virginia's eluding statute contains the following language:

> Violation of this section shall constitute a separate and distinct offense. If the acts or activities violating this section also violate another provision of law, a prosecution under this section shall not prohibit or bar any prosecution or proceeding under such other provision or the imposition of any penalties provided for thereby.

Code § 46.2-817(E).

Applying these principles to this case, the language of Code § 46.2-817 evidences the legislature's intent to authorize a separate punishment for felony eluding. Thus, regardless of whether reckless driving and felony eluding constitute the same offense, we hold that the legislature intended the two charges to be separately punishable. Accordingly, our determination dispenses with the need for application of Blockburger to the statutes in question.

- 11 -

Despite our determination, we recognize that "'[a] <u>Blockburger</u> analysis is preferred by courts generally as it maximizes judicial economy, providing an answer without resorting to a more detailed examination of legislative intent.'" <u>Davis</u>, 57 Va. App. at 456 n.6, 703 S.E.2d at 264 n.6 (quoting <u>Dalo</u>, 37 Va. App. at 164, 554 S.E.2d at 709). Accordingly, we proceed under <u>Blockburger</u> to determine whether Code §§ 46.2-817 and 46.2-852 are different offenses.

Code § 46.2-852, Virginia's reckless driving statute, states: "Irrespective of the maximum speeds permitted by law, any person who drives a vehicle on any highway recklessly or at a speed or in a manner so as to endanger the life, limb, or property of any person shall be guilty of reckless driving."

As previously noted, the felony eluding statute provides:

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person is guilty of a Class 6 felony.

Code § 46.2-817(B).

Considering the statutes together, Code §§ 46.2-852 and 46.2-817(B) both contain different elements. The reckless driving statute requires that the accused be driving on a highway, whereas the felony eluding statute does not necessitate that the accused drive on a particular roadway. The reckless driving statute also provides that a violation may occur if the accused endangers any property of a person. The felony eluding statute, however, provides that a violation occurs only where the accused endangers the *operation of* a law enforcement vehicle, but not the law enforcement vehicle itself. The felony eluding statute further requires that the accused receive a visible or audible signal from a police officer to stop his vehicle. Moreover, the felony eluding statute, unlike the reckless driving statute, proscribes the driving of the accused only after he has disregarded an officer's signal to stop. Thus, felony eluding and

- 12 -

reckless driving constitute separate offenses in that different facts are required to prove each.[6]

Accordingly, we hold the trial court did not err in finding that no double jeopardy violation occurred.

### III. CONCLUSION

Based on the foregoing, we hold that the trial court did not err in finding the evidence sufficient to convict appellant of felony eluding, nor did it err in finding that appellant's conviction was not prohibited by the constitutional or statutory double jeopardy bars. Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>

---

[6] See <u>Shaw v. Commonwealth</u>, 9 Va. App. 331, 334, 387 S.E.2d 792, 794 (1990) (holding, based on a 1984 amendment to the eluding statute, that misdemeanor eluding and reckless driving are separate offenses).